```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                    SOUTHEASTERN DIVISION
```

LAWRENCE MARTIN EDWARDS,        )
                                )
            Plaintiff,          )
                                )
      v.                        )    No. 1:06CV01 FRB
                                )
CHUCK DWYER, et al.,            )
                                )
            Defendants.         )

**ORDER**

Presently pending before the Court are plaintiff Lawrence Martin Edwards' Motions for Appointment of Counsel (filed January 17, 2006/Docket No. 6; filed March 6, 2006/Docket No. 12-2). The matter was assigned to and is pending before the undersigned United States Magistrate Judge pursuant to Rule 2.08(A) of the Local Rules of this Court.

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 after being granted leave to proceed in the cause in forma pauperis. Plaintiff now seeks the appointment of counsel to assist him with his claims. In deciding whether to appoint counsel for an indigent plaintiff, the Court should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998);

Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986)).

The facts of this case are not complex. Plaintiff alleges that while he was incarcerated at Southeast Correctional Center (SECC), SECC correctional officer Tori Green coerced him into a sexual relationship and asked another inmate, with whom she was also involved, to harm plaintiff in retaliation for his breaking off their relationship and for reporting her. Plaintiff further alleges that SECC Superintendent Chuck Dwyer had knowledge of defendant Green's actions and was grossly negligent in training, supervising, disciplining, and dismissing her. Further, a reading of plaintiff's Complaint shows him able to investigate crucial facts. Plaintiff has identified the persons allegedly responsible and has provided details of the circumstances giving rise to his claims, including the dates during which such circumstances are alleged to have occurred. As to whether conflicting testimony exists in this case, the undersigned notes that the case is in its preliminary stage and the time for filing motions for summary judgment has not yet been set. Therefore, evidence relating to plaintiff's claims has not yet been developed before the Court for consideration. If and when any such motions are filed, the determination of whether conflicting testimony exists in this case will be evident upon their ruling.

Because the factual nature of this case is not complex and plaintiff has provided the Court with details giving rise to his claims, the undersigned finds plaintiff able to adequately present his claims to the Court.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motions for Appointment of Counsel (Docket Nos. 6, 12-2) are denied without prejudice.

_/s/ Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this _7th_ day of April, 2006.