UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

LAWRENCE MARTIN EDWARDS,           )
                                   )
            Plaintiff,             )
                                   )
     v.                            )    No. 1:06CV01 FRB
                                   )
CHUCK DWYER, et al.,               )
                                   )
            Defendants.            )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Tori Green's Motion to Dismiss (Docket No. 16) and Second Motion to Dismiss (Docket No. 27); and on defendant Chuck Dwyer's Motion to Dismiss (Docket No. 39). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). The cause was stayed pending resolution of the instant motions.

On January 3, 2006, plaintiff Lawrence Martin Edwards, a Missouri state prisoner, filed his original Complaint pursuant to 42 U.S.C. § 1983 in which he alleged that while he was incarcerated at Southeast Correctional Center (SECC), SECC Correctional Officer Tori Green coerced him into a sexual relationship and asked another inmate, with whom she was also involved, to harm plaintiff in retaliation for his breaking off their relationship and for reporting her. Plaintiff further alleged that SECC Superintendent Chuck Dwyer had knowledge of defendant Green's actions and was

grossly negligent in training, supervising, disciplining, and dismissing her. After review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court permitted plaintiff's claims as set out above to proceed. To the extent plaintiff sought criminal charges to be brought against defendants Dwyer and Green, such claim was dismissed for lack of jurisdiction.

After the filing of plaintiff's Complaint and prior to either defendant appearing in the cause, plaintiff requested that he be permitted to file an amended complaint to seek criminal charges against the defendants. A proposed amended complaint was not submitted with this request. (See Docket No. 12.) Given the futility of the amendment, the Court denied plaintiff's request. (See Order filed Apr. 7, 2006/Docket No. 24.) In the meanwhile, defendant Green filed a Motion to Dismiss in which she sought dismissal of plaintiff's claims against her inasmuch as the claims were presumed to be brought against her in her official capacity, and such claims are barred by the Eleventh Amendment. In his Response to Defendant Tori Green's Motion to Dismiss (Docket No. 19), plaintiff argued that a First Amended Complaint, submitted simultaneously with his response, rendered the motion moot. The First Amended Complaint was docketed as an attachment to plaintiff's Response to Defendant Tori Green's Motion to Dismiss and was not separately filed or docketed as an amended complaint. (See id.) Thereafter, defendant Green filed a Second Motion to

Dismiss and defendant Dwyer filed a separate Motion to Dismiss. In both motions, the defendants challenged the claims raised by plaintiff in his original Complaint. Neither defendant has answered plaintiff's Complaint. Nor has either defendant answered plaintiff's First Amended Complaint.

Rule 15(a), Federal Rules of Civil Procedure, permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served[.] . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." A review of the file in the instant cause shows no defendant to have yet filed an Answer to plaintiff's Complaint. Although defendants Dwyer and Green have each filed a Motion to Dismiss raising defenses to plaintiff's original Complaint as permitted by Fed. R. Civ. P. 12(b), a Motion to Dismiss is not a "responsive pleading" as contemplated by Rule 15(a). See Lockhart v. Cedar Rapids Community Sch. Dist., 963 F. Supp. 805, 810 (N.D. Iowa 1997) (citing Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995); McCrary v. Poythress, 638 F.2d 1308, 1314 (5th Cir. 1981); McDonald v. Hall, 579 F.2d 120 (1st Cir. 1978)). See also Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002). Inasmuch as a responsive pleading to plaintiff's original Complaint has not yet been filed or served, plaintiff's First Amended Complaint should be filed as a matter of course. Leave of Court or the consent of the

defendants is not required. Fed. R. Civ. P. 15(a). In light of this amended complaint, it would be error for this Court to address defendants' Motions to Dismiss directed to the original Complaint. <u>Pure Country</u>, 312 F.3d at 956.

In his original Complaint, plaintiff named Dwyer and Green as the only defendants and set out his claims against them as described above. In his First Amended Complaint, plaintiff realleges these claims against these defendants and also raises new claims against them. In addition, plaintiff names Tamara Cobbs, Laura Vance, John Williams, C. Dowdy, Dan Martinez, Investigator Jules, and the Missouri Department of Corrections (MDOC) as additional defendants and expands his constitutional claims to include alleged violations of his right to access to the courts, his right to be free from cruel and unusual punishment, and his right to due process. Plaintiff also claims that these alleged constitutional violations occurred pursuant to policy, custom and practice of the MDOC and that the MDOC had actual and/or constructive knowledge of its officers' and employees' unconstitutional conduct toward plaintiff. Upon review of the claims raised in the First Amended Complaint, the Court determines that the Clerk of Court should issue process or cause process to issue upon the First Amended Complaint against the newly named defendants identified therein.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the Clerk of Court shall detach, file and docket forthwith plaintiff's First Amended Complaint, submitted as an attachment to plaintiff's Response to Defendant Tori Green's Motion to Dismiss (Docket No. 19).

**IT IS FURTHER ORDERED** that defendant Tori Green's Motion to Dismiss (Docket No. 16) and Second Motion to Dismiss (Docket No. 27); and defendant Chuck Dwyer's Motion to Dismiss (Docket No. 39) are denied as moot.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the First Amended Complaint against defendants Tamara Cobbs, Laura Vance, John Williams, C. Dowdy, Dan Martinez, Investigator Jules, and the Missouri Department of Corrections.

**IT IS FURTHER ORDERED** that after either being properly served with a copy of the First Amended Complaint or filing waivers of service, defendants Tamara Cobbs, Laura Vance, John Williams, C. Dowdy, Dan Martinez, Investigator Jules, and the Missouri Department of Corrections shall respond to the First Amended Complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that defendants Chuck Dwyer and Tori Green shall respond to the First Amended Complaint within the time provided by the applicable provisions of Rule 15(a), Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as Lawrence Martin Edwards v. Chuck Dwyer, Tori Green, Tamara Cobbs, Laura Vance, John Williams, C. Dowdy, Dan Martinez, Investigator Jules, and the Missouri Department of Corrections.

In view of the Court's ruling on defendants' Motions to Dismiss, the stay previously imposed in this cause is hereby lifted.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _20th_  day of February, 2007.