UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

LAWRENCE MARTIN EDWARDS,        )
                                )
                Plaintiff,      )
                                )
        v.                      )       No. 1:06CV01 FRB
                                )
CHUCK DWYER, et al.,            )
                                )
                Defendants.     )

**ORDER**

Presently pending before the Court are plaintiff Lawrence Martin Edwards' Motions for Appointment of Counsel (Docket Nos. 42, 52, 80). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 and has filed a First Amended Complaint in the cause. After having been denied his initial requests for counsel, plaintiff continues to seek the appointment of counsel to assist him with his claims. In deciding whether to appoint counsel for an indigent plaintiff, the Court should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998); Edgington v.

- 1 -

<u>Missouri Dep't of Corrections</u>, 52 F.3d 777, 780 (8th Cir. 1995); <u>Abdullah v. Gunter</u>, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing <u>Johnson v. Williams</u>, 788 F.2d 1319, 1322-23 (8th Cir. 1986)).

In his First Amended Complaint, plaintiff alleges that while he was incarcerated at Southeast Correctional Center (SECC), SECC Correctional Officer Tori Green coerced him into a sexual relationship and asked another inmate, with whom she was also involved, to harm plaintiff in retaliation for his breaking off their relationship and for reporting her. Plaintiff further alleges that SECC Superintendent Chuck Dwyer had knowledge of defendant Green's actions and was grossly negligent in training, supervising, disciplining, and dismissing her. Plaintiff further alleges that defendant Green facilitated an altercation between plaintiff and the other inmate for the purpose of harming plaintiff, and for which plaintiff suffered disciplinary action. Plaintiff further claims that during the investigation of Green's conduct and the altercation between plaintiff and the other inmate, plaintiff articulated an interest in bringing a lawsuit regarding the matter, upon which defendant Investigator Jules retaliated against plaintiff by instructing the institutional librarian to deny plaintiff access to policies, case law or other legal materials. Plaintiff also claims that defendant Tamara Cobbs, a correctional officer at SECC, harassed and physically assaulted plaintiff in retaliation for plaintiff's reports of defendant Green's misconduct; and that defendants John Williams, C. Dowdy and

Dan Martinez, administrative segregation committee members, knowingly placed plaintiff into a harmful environment where he would be subjected to retaliatory violence on account of his reports of defendant Green's misconduct, with such placement approved by defendant Laura Vance. Plaintiff further claims that he was subjected to further disciplinary action for refusing to enter the known harmful environment. Finally, plaintiff claims that these alleged constitutional violations occurred pursuant to policy, custom and practice of defendant Missouri Department of Corrections (MDOC) and that the MDOC had actual and/or constructive knowledge of its officers' and employees' unconstitutional conduct toward plaintiff.

A reading of plaintiff's First Amended Complaint shows him able to investigate crucial facts. Plaintiff has identified the persons allegedly responsible and has provided details of the circumstances giving rise to his claims, including the dates during which such circumstances are alleged to have occurred. As to whether conflicting testimony exists in this case, the undersigned notes that the proceedings on plaintiff's First Amended Complaint are in the preliminary stage with not all defendants having yet appeared, and thus that the time for filing motions for summary judgment has not yet been set. As such, evidence relating to plaintiff's claims has not yet been developed before the Court for consideration. If and when any such motions are filed, the determination of whether conflicting testimony exists in this case

will be evident upon their ruling.

In light of the above, the undersigned finds plaintiff presently able to adequately present his claims to the Court. The appointment of counsel should therefore be denied at this time.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motions for Appointment of Counsel (Docket Nos. 42, 52, 80) are denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's request for an interlocutory appeal on the question of whether counsel should be appointed in this cause (Docket No. 80) is denied. 28 U.S.C. § 1292(b).


_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE


Dated this _20th_ day of February, 2007.