UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION


LAWRENCE MARTIN EDWARDS,       )
                           )
            Plaintiff,    )
                           )
       v.              )    No.  1:06CV01 FRB
                           )
CHUCK DWYER, et al.,         )
                           )
           Defendants.   )


**<u>ORDER</u>**

This cause is before the Court, <u>sua</u> <u>sponte</u>, upon review of the file.  The matter was assigned to the undersigned United States Magistrate Judge by random selection pursuant to Rule 2.08(A) of the Local Rules of this Court.

Plaintiff Lawrence Martin Edwards brought the instant cause of action on January 3, 2006, originally naming Chuck Dwyer and Tori Green as defendants.  In a Memorandum and Order entered February 20, 2007, the undersigned set out the procedural history of the case and noted that, in conjunction with his Response to defendants' Motions to Dismiss, plaintiff had submitted a First Amended Complaint to be filed.  Instead of being docketed as a First Amended Complaint, however, the pleading was docketed as an attachment to plaintiff's Response to Defendant Tori Green's Motion to Dismiss.  At the time of this Court's Memorandum and Order of February 20, 2007, neither defendant Dwyer nor Green had answered

plaintiff's original Complaint. Inasmuch as a responsive pleading to the original Complaint had not yet been served, the Court noted that plaintiff was entitled to amend his Complaint as a matter of course. (*Memo. & Order*, Docket No. 82 at p. 3.) The Court therefore ordered the Clerk of Court to file and separately docket plaintiff's First Amended Complaint as such, and ordered process to be issued upon the newly named defendants.[1] (*Id.* at p. 5.)

Thereafter, on May 2, 2007, plaintiff was ordered to effect service of process upon any yet unserved defendant, and specifically Tamara Cobbs and Laura Vance, in accordance with Rule 4(m), Federal Rules of Civil Procedure. After plaintiff sought assistance in obtaining proper addresses upon which the United States Marshal's Service could effectuate service (see Docket No. 123/Pltf.'s Motion to Order Summons and Complaint; Docket No. 124/Order), defendants Cobbs and Vance were served with process on August 8, 2007, and August 13, 2007, respectively (see Docket Nos. 127, 129). Each defendant had twenty days to answer plaintiff's First Amended Complaint. To date, neither defendant Cobbs nor Vance have answered or otherwise appeared in this cause. In the meanwhile, the remaining defendants have filed Motions to Dismiss

---

[1]In his First Amended Complaint, plaintiff realleged his claims against defendants Dwyer and Green and also raised new claims against them. In addition, plaintiff named Tamara Cobbs, Laura Vance, John Williams, C. Dowdy, Dan Martinez, Investigator Jules, and the Missouri Department of Corrections as additional defendants.

and plaintiff has filed a Motion for Partial Summary Judgment directed to defendants Cobbs and Vance. Such motions are currently pending before the Court.

As noted above, this cause was assigned to and is currently pending before the undersigned United States Magistrate Judge pursuant to Local Rule 2.08. Under Rule 2.08, all parties are required to notify the Court in writing, on a form provided by the Court, as to whether they consent to jurisdiction before the magistrate judge pursuant to 28 U.S.C. § 636(c), or wish to opt for reassignment to a district judge of the Court. A magistrate judge may not proceed to determine dispositive matters unless and until all parties to the cause have entered and consent to the magistrate judge's jurisdiction under § 636(c). See Henry v. Tri-Services, Inc., 33 F.3d 931, 933 (8th Cir. 1994).

Because defendants Cobbs and Vance have been served but have failed to appear in this matter, the undersigned is unable to obtain the full consent required to proceed in determining any dispositive action, including whether and to what extent default and/or default judgment may be entered. Henry, 33 F.3d at 932-33. Given that the undersigned does not have consent to proceed from all parties as required by 28 U.S.C. § 636(c) and that the matter appears ripe for dispositive action, including possible entry of default judgment, the undersigned determines that in the interest of justice and to avoid any further delay in proceeding in this

cause, the matter should be reassigned to a district judge of this Court for all further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall randomly reassign this case to a district judge of the Court for all further proceedings.

_Frederick R. Buckles_

UNITED STATES MAGISTRATE JUDGE

Dated this _26th_ day of September, 2007.