**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| LAWRENCE MARTIN EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-1 CAS |
| ) | |
| CHUCK DWYER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Motion for Default Judgment against Vance and Cobbs. No response was filed to this motion. For the following reasons, the motion will be denied without prejudice.

**Background**.

On October 11, 2007, a Clerk's Entry of Default under Rule 55(a), Federal Rules of Civil Procedure, was entered against defendants Tamara Cobbs and Laura Vance. (See Doc. 135). In the Amended Complaint, plaintiff alleges that defendant Vance, Associate Superintendent at SECC, approved the recommendation of defendants Williams, Dowdy and Martinez that plaintiff be released to the general prison population at SECC, knowing that plaintiff was at a high risk of inmate retaliation (Amended Complaint, ¶ 60). Plaintiff also alleges that defendant Cobbs, a Correctional Officer at SECC, harassed him because he reported her friend, former defendant Green, to prison officials; called him a "snitch" in front of other offenders, and scratched him with her fingernails on two occasions.[1] (See Amended Complaint, ¶¶ 53-54).

---

[1] Plaintiff's claims against defendant Green were dismissed for failure to exhaust administrative remedies, by Memorandum and Order of January 25, 2008.

**Legal Standard**.

Where the Clerk has entered default against a party, it has "no further standing to contest the factual allegations of plaintiff's claim for relief." Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988) (internal citation omitted). Where a default has been entered, the "defendant is deemed to have admitted all well pleaded allegations in the complaint." Taylor v. City of Ballwin, 859 F.2d 1330, 1333, n.7 (8th Cir. 1988) (internal punctuation and citation omitted).

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, 859 F.2d 1330, 1332 (8th Cir. 1988). "Even when a defendant is technically in default, a plaintiff is not entitled to default judgment as a matter of right." 10 James Wm. Moore, et al., Moore's Federal Practice § 55.20[2][b] (3d ed. 2007). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993).

Prior to the entry of a discretionary default judgment, the Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of its claim. 10 Moore's Federal Practice, § 55.20[2][b]. Further, "Where multiple defendants are similarly situated, even if the liability asserted against them is not joint, default judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." Id., § 55.25; Frow v. De La Vega, 82 U.S. 552 (1872). This principle is designed to avoid inconsistent verdicts, as it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory that was rejected with regard to answering

2

defendants in the same action. See Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004). "To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party." Id. (citations omitted).

**Discussion**.

With the foregoing standards in mind, the Court examines plaintiff's claims against Vance and Cobbs separately to determine if default judgment should be entered.

    1. Defendant Vance.

The Court finds that defendant Vance is similarly situated to defendants Williams, Dowdy and Martinez, as plaintiff's claims against these defendants with respect to plaintiff's release to the general prison population are closely related. In the Memorandum and Order of January 25, 2008, the Court found that issues of fact exist as to whether plaintiff administratively exhausted his claims against Williams, Dowdy and Martinez. It is possible that plaintiff will ultimately prevail against Williams, Dowdy and Martinez, and it is also possible that his claims will ultimately be barred for failure to exhaust administrative remedies, or will fail on the merits on summary judgment or at trial. If plaintiff's claims against Williams, Dowdy and Martinez are not administratively exhausted or fail on the merits, it would be inconsistent for him to prevail against Vance on related claims. Therefore, default judgment against Vance is not appropriate at this time, to avoid the possibility of inconsistent judgments. Plaintiff's motion for default judgment against Vance in her individual capacity should therefore be denied without prejudice.[2]

---

[2] Plaintiff's claims against defendant Vance in her official capacity, and for declaratory and injunctive relief, were dismissed by the Memorandum and Order of January 25, 2008.

3

2. <u>Defendant Cobbs</u>.

The Court finds that defendant Cobbs is not similarly situated to the other defendants in this case, although plaintiff's claims against her arise out of the general set of facts alleged, that plaintiff was involved in a forced sexual relationship with defendant Green. Cobbs is alleged to have harassed and scratched plaintiff independent of the actions of other parties, and therefore a judgment against her does not depend on and would not necessarily be inconsistent with the entry of judgment against any other defendants. "Parties are not similarly situated and a default judgment does not establish inconsistent judgments . . . if the liability of the defaulting party is based on independent wrongful acts or a legal theory distinct from the one under which the answering party prevailed." <u>Angelo Iafrate Constr.</u>, 370 F.3d at 722.

As stated above, prior to the entry of a discretionary default judgment, the Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of its claim. It is difficult for the Court to properly evaluate the substantive merits of plaintiff's claims against Cobbs at this time, in part because the Court's involvement in the case, which only began in late September 2007, has thus far been primarily limited to threshold issues concerning plaintiff's exhaustion of administrative remedies, and the only facts in the record concerning Cobbs are the very brief allegations in the unverified Amended Complaint.

In addition, facts relating to the amount of damages must be proved by the party seeking default in a supplemental hearing or proceeding. <u>Larson v. Everyday Learning Centers</u>, 242 F.3d 815, 818 (8th Cir. 2001). A default judgment cannot be entered until the amount of damages has been ascertained. <u>Hagen v. Sisseton-Wahpeton Cmty. Coll.</u>, 205 F.3d 1040, 1042 (8th Cir. 2000).

Based on the foregoing, the Court determines that default judgment is not appropriate against defendant Cobbs until (1) the Court can properly evaluate the substantive merits of plaintiff's claims against Cobbs, and (2) plaintiff has proved the amount of his damages. Because plaintiff is an offender confined to a correctional institution, the Court will not reconsider the issue of default against Cobbs until the remainder of the case is resolved. Plaintiff's motion for default judgment against Cobbs in her individual capacity should therefore be denied without prejudice.[3]

**Conclusion**.

For the foregoing reasons, plaintiff's motion for default judgment against defendants Vance and Cobbs should be denied without prejudice. Plaintiff may file a new motion for default judgment after either of the following events occurs: (1) the Court sets this case for trial, or (2) the Court enters an order or judgment dismissing plaintiff's claims against all of the remaining non-defaulting defendants.

                                                          */s/ Charles A. Shaw*
                                                  **CHARLES A. SHAW**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of January, 2008.

---

[3] Plaintiff's claims against defendant Cobbs in her official capacity, and for declaratory and injunctive relief, were dismissed by the Memorandum and Order of January 25, 2008.