**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE MARTIN EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-1 CAS |
| | ) | |
| CHUCK DWYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's "Petition for Appointment of Pro Bono Counsel and/or in the Alternative for an Interlocutory Appeal to the Eighth Circuit United States Court of Appeals." The defendants have not responded to the motion and the time to do so has passed. For the following reasons, the motion for appointment of counsel will be denied without prejudice, and the alternative motion for an interlocutory appeal will be denied.

**Legal Standard**.

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780

(8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

**Discussion**.

    **A. Appointment of Counsel**.

    The Court notes that plaintiff has previously filed motions for appointment of counsel on January 17, 2006 (Doc. 6), March 6, 6006 (Doc. 12), April 7, 2006 (Doc. 23), June 8, 2006 (Doc. 42), July 26, 2006 (Doc. 52), and February 8, 2007 (Doc. 80). These motions were denied by the Honorable Frederick R. Buckles, United States Magistrate Judge, to whom this case was assigned prior to September 26, 2007. In an Order dated February 20, 2007, Judge Buckles discussed at length the claims asserted in plaintiff's Amended Complaint and concluded that plaintiff's motions were premature, as not all of the defendants had appeared at that time and the time for filing dispositive motions had not been set. Judge Buckles concluded that plaintiff was able to adequately present his claims to the Court at that juncture, and denied the appointment of counsel without prejudice. Judge Buckles also denied plaintiff's request for an interlocutory appeal on the question of whether counsel should be appointed.

    The procedural posture of the case has changed significantly since the time of plaintiff's earlier motions for appointment of counsel. The Court recently issued an order which dismissed plaintiff's claims against four of the defendants. See Memorandum and Order of January 25, 2008 (Doc. 168). The only claims remaining in this action are against (1) defendants Williams, Dowdy and Martinez

2

in their individual capacities for money damages, based on their alleged recommendation as members of the administrative segregation committee that plaintiff be released to the Southeast Correctional Center's general population, knowing this would endanger plaintiff (see Amended Complaint, Doc. 83, ¶¶ 57-59); and (2) defaulting defendants Vance and Cobbs in their individual capacities for money damages.

To date, the main issues presented to the undersigned for decision have concerned the threshold question of whether plaintiff exhausted his administrative remedies. As a result of the Memorandum and Order of January 25, 2008, the issues in this case have narrowed significantly and no Court-sanctioned discovery has taken place on them. The Court does not believe that either the factual or legal issues are complex, and plaintiff appears able to investigate the underlying facts, and to articulate and clearly present his position, as evidenced by the numerous filings he has made in this action which have been readily understood by the Court. While there may be conflicting testimony at some point in the future, no evidence has yet been developed for the Court's consideration on these claims. In the near future, the Court will issue a scheduling order to establish deadlines for the exchange of discovery and the filing of dispositive motions.

For these reasons, the Court finds that appointment of counsel is not mandated at this time, and plaintiff's motion for appointment of counsel should be denied without prejudice.

**B.  Interlocutory Appeal**.

Pursuant to 28 U.S.C. § 1292(b), immediate appellate review of interlocutory orders that are not otherwise appealable may be had under certain circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and

that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . . .

28 U.S.C. § 1292(b). The Eighth Circuit has observed that it has "long been the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens to both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." Control Data Corp. v. International Bus. Mach. Corp., 421 F.2d 323, 325 (8th Cir. 1970) (citations omitted).

The Court concludes that plaintiff's proposed appeal does not present a controlling question of law within the meaning of the statute. The Court's decision not to appoint counsel at this time is a matter of discretion. Phillips, 437 F.3d at 794. The allegation of an abuse of the district court's discretion on the issue of appointment of counsel for an indigent person in a civil case does not rise to the level of a controlling question of law. Further, the Court does not believe an interlocutory appeal would materially advance the ultimate outcome of this case. The Court will therefore deny plaintiff's motion for an interlocutory appeal of this ruling.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [Doc. 159 ]

**IT IS FURTHER ORDERED** that plaintiff's alternative motion for an interlocutory appeal on the question of whether counsel should be appointed in this case is **DENIED**. [Doc. 159] See 28 U.S.C. § 1292(b).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __25th__ day of January, 2008.