# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| LAWRENCE MARTIN EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-1 CAS |
| ) | |
| CHUCK DWYER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions filed by plaintiff following issuance of the Memorandum and Order of January 25, 2008 (the "Memorandum and Order") (Doc. 168). The Memorandum and Order, among other things, granted defendants Dwyer and Green's separate motions to dismiss for failure to exhaust administrative remedies, which were converted to motions for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In the Memorandum and Order, the Court found that plaintiff failed to file a grievance appeal of SECC Grievance No. 05-479, and therefore failed to comply with the three-step grievance procedure established by the Missouri Department of Corrections in its Offender Grievance Procedure, D5-3.2.

In the Memorandum and Order, the Court stated that the defendants presented the affidavit of Christy Clinton, which averred that plaintiff never filed a grievance appeal of grievance No. 05-0479. In response, plaintiff offered what the Court described as "two conflicting and mutually exclusive responses to this evidence, neither of which was verified or signed under penalty of perjury":

> First, plaintiff asserted that he was transferred from SECC to SCCC before the grievance appeal was due, and SCCC officials refused to provide him with a grievance appeal form. In response, the defendants submitted uncontroverted evidence to show that plaintiff remained at SECC throughout the time period when he was required to

file the grievance appeal. Second, in response to Green's supplemental memorandum in support, plaintiff asserts that he filled out a grievance appeal form and turned it in to prison officials at SECC. Plaintiff does not provide an affidavit or declaration signed under penalty of perjury to support this assertion, nor did he submit a copy of his grievance appeal. Plaintiff's unsworn assertion that he filed a grievance appeal does not raise an issue of material fact as to administrative exhaustion, in the face of a sworn affidavit from the custodian of the grievance records that plaintiff did not file a grievance appeal.

Mem. and Order of Jan. 28, 2008 at 18-19 (footnote omitted).

Plaintiff has filed a Motion to Alter or Amend the Judgment (Doc. 174), a Motion for a More Definite Statement to Plaintiff's Memorandum in Opposition to Summary Judgment,[1] (Doc. 173), and a Motion to Reinstate Defendants Tori Green, Chuck Dwyer, Laura Vance and Steve Julian (Doc. 179). In support of his motions, plaintiff has submitted three Declarations and one document entitled "Affidavit," all signed under penalty of perjury."[2] Former defendant Green opposes the Motion to Alter or Amend the Judgment. No other responses were filed. Plaintiff has not filed a reply memorandum in support of the Motion to Alter or Amend Judgment, and the time to do so has passed.[3] For the following reasons, plaintiff's motions will be denied.

**Motion to Alter or Amend Judgment; Motion for More Definite Statement**

In the Motion to Alter or Amend Judgment, plaintiff asserts that the Court erred in ruling on the defendants' motions for summary judgment "before 'all' motions were submitted by both parties."

---

[1] Plaintiff's filing entitled "Motion for More Definite Statement" is not a motion for more definite statement as contemplated by Rule 12(e) of the Federal Rules of Civil Procedure, but rather is in the nature of a surresponse which would require leave of Court to file.

[2] Plaintiff's "Affidavit" is actually a declaration signed under penalty of perjury, as it was not signed and sworn to before an officer authorized to administer oaths. See Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006) ("[A]n affidavit, by definition, is a statement reduced to writing and the truth of which is *sworn* to before someone who is authorized to administer an oath.") (internal punctuation and quoted case omitted).

[3] Under Local Rule 4.01(C), plaintiff's reply memorandum was due on February 20, 2008, because defendant Green's memorandum in opposition was filed February 7, 2008.

Mot. to Alter at 1. Specifically, plaintiff asserts that the Court should have considered plaintiff's "Motion for a More Definite Statement to Plaintiff's Memorandum in Opposition to Summary Judgment" and accompanying affidavit before issuing the Memorandum and Order.[4] Plaintiff contends that he was entitled to respond to defendant Green's "motion" for Rule 11 sanctions that was in her reply memorandum in support of her motion for summary judgment, and which was based on plaintiff's contradictory explanations for his failure to exhaust administrative remedies. Plaintiff asserts that he countered Green's motion for sanctions in his motion for a more definite statement, and attached thereto his "Affidavit" which states that grievance officer Susan Wickliffe gave plaintiff a grievance appeal on June 3, 2005, and plaintiff filled out the grievance appeal and gave it to a correctional officer to place into the caseworker mailbox." The "Affidavit" also states, "I didn't mention this before because I forgot, and really believed it irrelevant since it was never responded to by Superintendent."

Plaintiff's motion to alter or amend also asserts that the Court failed to consider exhibits and declarations plaintiff submitted which showed that genuine issues of material fact existed concerning defendant Green, including the affidavit of plaintiff's brother, Jimmy Walker, and letters and declarations from other offenders that "explained how Green was communicating with other offenders, accepted offenders calls from jail." Mot. to Alter at 2. Plaintiff asserts that the Court should have ordered the defendant prison officials to allow plaintiff to interview witnesses or "bring plaintiff to court to testify on his own behalf." Id. Plaintiff asserts that he submitted declarations,

---

[4]The Memorandum and Order was issued on January 25, 2008. Plaintiff's Motion for More Definite Statement to Plaintiff's Memorandum in Opposition to Summary Judgment was dated January 24, 2008, and received and filed by the Court on January 28, 2008. Therefore, the Court was not aware of this document when it issued the Memorandum and Order.

3

photographs, and letters to support his own motion for summary judgment, and that the motion should have been granted.

This Court has broad discretion in deciding whether to grant a motion under Rule 59(e). Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative, 141 F.3d at 1286 (internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care, 141 F.3d at 1286)). "Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion." Peters v. General Service Bureau, Inc., 277 F.3d 1051, 1057 (8th Cir. 2002) (cited cases omitted).

The "Affidavit" submitted by plaintiff with his Motion for More Definite Statement is not newly-discovered evidence and could have been submitted prior to the Court's issuance of the Memorandum and Order. The "Affidavit" concerns matters that occurred in the past and which were within plaintiff's knowledge. Plaintiff has filed numerous declarations under penalty of perjury in this case, but did not file a declaration concerning facts relating to the grievance appeal issue until after the Court ruled on the defendants' motions for summary judgment.[5] There is no doubt that plaintiff

---

[5]Plaintiff filed declarations or affidavits in this case prior to issuance of the Memorandum and Order including the following: Affidavit filed April 12, 2006 (Doc. 30); Declaration filed July 21, 2006 (Doc. 50); Declaration filed September 1, 2006 (Doc. 69); three Declarations filed November

could have provided the information contained in his Motion for More Definite Statement and "Affidavit" prior to entry of judgment. Under the well-established rule that a motion to alter or amend a judgment cannot be based on arguments or evidence that could have been presented prior to the entry of judgment, plaintiff's motion to alter or amend the judgment should be denied.

Plaintiff's assertion that the Court ruled on Green and Dwyer's motions for summary judgment before the briefing was concluded is inaccurate. The briefing was complete on the motions, and plaintiff had adequate opportunity to present all evidence and argument in opposition to those motions, as well as in support of his own motion for summary judgment. An examination of the lengthy procedural history of the dispositive motions in this case establishes this conclusion.

This case was transferred to the undersigned by order of September 26, 1997. At that time, two fully-briefed dispositive motions were pending.[6] In an order dated November 1, 2007, the Court noted that both sides had submitted materials outside the pleadings in support of their positions on the motions to dismiss:

> This matter is before the Court on motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by defendant Chuck Dwyer [Doc. 103], defendant Tori Green [Doc. 107], and defendants Missouri Department of Corrections, John Williams, Dan Martinez, Cheryl Dowdy, and Steve Julian [Doc. 113]. The defendants assert in part that plaintiff, a prisoner who brings claims under 42 U.S.C. § 1983, failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). In support of the motions to dismiss, the defendants have submitted affidavits and exhibits. Plaintiff has opposed each motion and submitted in support of his opposition a declaration and documents.

---

9, 2007 (Doc. 139, Exs. B-2, D and Z-1); Declaration filed November 13, 2007 (Doc. 140); Declaration filed November 13, 2007 (Doc. 141); Affidavit filed January 7, 2008 (Doc. 158, Ex. I).

[6]Full briefing consists of a motion, a memorandum in opposition, and a reply. See Eastern District of Missouri Local Rule 4.01(A)-(C). Local Rule 4.01(C) states that after the filing of a motion, memorandum in opposition and reply, "Additional memoranda may be filed by either party only with leave of Court."

Order of Nov. 1, 2007 at 1 (Doc. 137).

Because the parties relied on materials outside of the pleadings in connection with the motions to dismiss, the Court notified the parties that it was converting the defendants' motions to dismiss to motions for summary judgment pursuant to Rule 12(b). Id. at 2. The parties were granted fourteen days to submit "any additional material, including statements of undisputed material facts as required by Local Rule 4.01(E). Upon the filing of any such material, the parties shall have seven (7) days to file responses thereto." Id.

In response to the Order of November 1, 2007, plaintiff filed a motion for summary judgment which focused on the merits of his claims, not on the issue of administrative exhaustion. (Doc. 144). Plaintiff submitted several declarations and numerous documents in support of his motion for summary judgment (Docs. 139-141), and also filed a motion for discovery (Doc. 142). On November 15, 2007, the defendants filed a Joint Statement of Undisputed Material Facts, together with the Affidavit of Christy Clinton, exhibits, a copy of the Offender Grievance Procedure, the Affidavit of Susan Wickliffe, and a letter of incarceration (Doc. 143). Also on November 15, 2007, defendant Green filed a Supplemental Memorandum in support of her Motion for Summary Judgment (the "Supplemental Memorandum") (Doc. 146).

On November 20, 2007, defendant Green filed a memorandum which stated that she had inadvertently neglected to send plaintiff a copy of her Supplemental Memorandum, but had done so on that date and asked that plaintiff's response time be adjusted accordingly. The Court granted Green's request, and ordered that plaintiff "file any additional or responsive materials with respect to defendant Green's Supplemental Memorandum in Support of Motion for Summary Judgment by December 3, 2007." See Order of Nov. 27, 2007 (Doc. 150).

Plaintiff attempted to file a motion for extension of time to respond to Green's Supplemental Memorandum on December 3, 2007, but the document was returned to plaintiff without filing because it did not contain a certificate of service. See Letter from Clerk to Plaintiff dated Dec. 6, 2007 (Doc. 152). On December 19, 2007, plaintiff filed a "Memorandum of Law" which requested additional time to respond to Green's motion for summary judgment. Plaintiff stated that he had been transferred to a different institution and placed in administrative segregation, and had not been sent a copy of Green's Supplemental Memorandum. The Court construed plaintiff's memorandum as a motion for additional time, ordered Green to send plaintiff another copy of her Supplemental Memorandum, and granted plaintiff until January 18, 2008 to file any response. See Order of Dec. 20, 2007 at 2 (Doc. 156). The Court directed plaintiff to "limit his response to one document, together with any relevant exhibits attached" and directed him to send a copy of the entire response to counsel for the defendants. Id.

On January 8, 2008, the Court granted plaintiff's motion to supplement his motion for summary judgment (Doc. 144) with plaintiff's Affidavit dated July 27, 2006, and two exhibits. The Court ordered defendants to file any response by January 18, 2008. See Order of Jan. 8, 2008 (Doc. 161). The defendants did not file responses to plaintiff's motion for summary judgment or the supplement thereto, and the time for any response passed.

On January 11, 2008, plaintiff filed his "Supplemental Memorandum in Opposition of Defendant Tori Green's Motion for Summary Judgment" (the "Supplemental Memorandum") (Doc. 164). Also on January 11, 2008, plaintiff filed a "Notice for Return to Sender Mail" (Doc. 163), which stated that he mailed his Supplement Memorandum in Opposition to the Court on December 26, 2007, but the envelope was returned to him for allegedly having the wrong address.

Defendant Green moved for additional time to file her reply memorandum, stating that she had received plaintiff's Supplemental Memorandum in Opposition on or about December 31, 2007, but did not timely respond to it because of error by her counsel and because the Supplemental Memorandum in Opposition had not been electronically docketed and therefore counsel did not receive an electronic notification of filing. Green sought until January 22, 2008 to file her reply memorandum. The Court granted Green's motion and ordered her to file the reply memorandum by January 22, 2008. The Court's Order specifically stated, "The filing of the reply memorandum shall complete the parties' briefing with respect to Green's motion for summary judgment." Order of Jan. 16, 2008 (Doc. 166).

The Memorandum and Order was issued on January 25, 2008. At that time, the defendants' motions for summary judgment were fully briefed. Plaintiff's motion for summary judgment, which plaintiff had supplemented as stated above, was never responded to by the defendants and therefore was ready for decision. The Court is not required to permit additional briefing beyond a reply memorandum. This is particularly true where the Court converted the fully-briefed motions to dismiss to motions for summary judgment and received additional briefing from the parties. With respect to defendant Green's dispositive motion, two full rounds of briefing were submitted.

Plaintiff's assertion that he had the right to respond to Green's "motion" for sanctions in her reply memorandum is meritless. First, Green did not move for sanctions in her reply, but rather argued that plaintiff's contradictory explanations concerning exhaustion exposed him to the imposition of sanctions by the Court <u>sua sponte</u>, i.e., acting on its own. The Memorandum and Order did not mention sanctions against plaintiff, although it discussed the fact that plaintiff had presented contradictory and mutually exclusive explanations concerning his exhaustion of administrative remedies. Second, although plaintiff argues in the motion to alter or amend judgment that his motion

8

for more definite statement was filed in order to respond to the issue of sanctions, the latter motion does not mention sanctions, but rather reiterates plaintiff's prior unsworn assertion that he filled out a grievance appeal at SECC and supplements this assertion with plaintiff's "Affidavit." Finally, plaintiff's assertion in the "Affidavit" that he did not mention the crucial fact that he filled out a grievance appeal and gave it to a correctional officers because he "forgot" and believed it "irrelevant" does not excuse plaintiff from his failure to submit the evidence in a timely manner during the briefing of defendants' motions for summary judgment.

Plaintiff's assertion that the Court misunderstood the facts, and thought that plaintiff believed he had filed a grievance appeal merely by checking the box on the grievance response which was labeled, "I appeal this grievance," is incorrect. Although the Court stated in a footnote that language in plaintiff's third grievance was ambiguous on this point, the footnote concluded, "As discussed later in this opinion, the Court finds that plaintiff did not submit a grievance appeal." See Mem. and Order of Jan. 25, 2008, at 13, n.4. The Memorandum and Order addressed at length plaintiff's two contradictory explanations concerning the grievance appeal. Id. at 16-19. It is evident the Court understood plaintiff that contended he was either (1) transferred to another institution and was not permitted to file a grievance appeal, or (2) did file a grievance appeal while at SECC. The Court realized that plaintiff contended he had actually filed a grievance appeal, and did not decide the motions based on a misunderstanding of the facts.

Finally, plaintiff's assertion that the Court failed to examine plaintiff's motion for summary judgment and the various documents, declarations, photographs, letters and other materials submitted by plaintiff is without merit. The Court carefully examined all materials submitted by plaintiff and specifically stated in the Memorandum and Order that it has "considered the exhibits plaintiff submitted in support of his motion for summary judgment both in support of plaintiff's motion for

9

summary judgment and in opposition to the defendants' motions for summary judgment." Mem. and Order of Jan. 25, 2008, at 27. Having done so, the Court concluded that plaintiff did not establish he was entitled to summary judgment. Moreover, the Court had already concluded that plaintiff had not exhausted his administrative remedies with respect to defendants Dwyer and Green, see 42 U.S.C. § 1997e(a), and that he could not state a claim against defendant Julian as a matter of law.

For these reasons, plaintiff's Motion to Alter or Amend the Judgment and Motion for a More Definite Statement to Plaintiff's Memorandum in Opposition to Summary Judgment should be denied.

**Motion to Reinstate Defendants Green, Dwyer, Vance and Julian**.

Plaintiff's motion to reinstate his claims against defendants Green, Dwyer, Vance and Julian reiterates and expands on the facts set forth in and underlying plaintiff's complaint, and argues that plaintiff should not have to plead administrative exhaustion, citing Jones v Bock, 127 S. Ct. 910 (2007). The Court has considered plaintiff's motion to reinstate and concludes that it should be denied for the reasons set forth in the Memorandum and Order. Further, the Court's dismissal of plaintiff's claims for failure to exhaust administrative remedies was not based on failure to *plead* administrative exhaustion, as prohibited by Jones, but rather on failure to comply with the three-step grievance procedure established by the Missouri Department of Corrections. Such a dismissal is consistent with Jones and the requirements of 42 U.S.C. § 1997e(a).

With respect to defendant Vance, the Court dismissed as a matter of law plaintiff's claims against Vance (1) in her official capacity based on Eleventh Amendment immunity, and (2) for injunctive and declaratory relief as moot. Plaintiff has not offered any reason why these claims should be reinstated. Plaintiff's other claims against Vance remain pending, as the Court denied without prejudice plaintiff's motion for default judgment against Vance by separate Memorandum and Order

10

dated January 25, 2008 (Doc. 170). Plaintiff's motion to reinstate should therefore be denied in all respects.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Alter or Amend the Judgment is **DENIED**. [Doc. 174]

**IT IS FURTHER ORDERED** that plaintiff's Motion for a More Definite Statement to Plaintiff's Memorandum in Opposition to Summary Judgment is **DENIED**. [Doc. 173]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Reinstate Defendants Tori Green, Chuck Dwyer, Laura Vance and Steve Julian is **DENIED**. [Doc. 179]

**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of March, 2008.