# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE MARTIN EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-1 CAS |
| | ) | |
| CHUCK DWYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on various motions filed by plaintiff. The Court will address each in turn.

1. <u>Motion for Conducting of Discovery and Production of Documents</u>.

In this motion, plaintiff asks the Court order the defendants to respond to his Request for Production of Documents mailed January 29, 2008, and to produce the following documents required to be disclosed under the Case Management Order dated January 29, 2008:

> (c) Defendants shall submit to the plaintiff a list of names of all persons having knowledge or information of the facts giving rise to plaintiff's claim. Defendants shall provide a business address for all persons who are employed by or under contract with the Department of Corrections. If the person is a former employee of the Department of Corrections, defendants shall indicate that fact and whether the person can be reached through the Assistant Attorney General assigned to the case.
>
> (d) Defendants shall submit to the plaintiff all documents related to the facts giving rise to plaintiff's claim (for example, medical files or disciplinary files if relevant to plaintiff's claim).

Case Management Order at 1-2.

Plaintiff states that attached to the motion are copies of the Request for Production of Documents, and a letter dated February 19, 2008 that he sent to counsel for the defendants. There were, however, no documents submitted with the motion.

The defendants respond first that pursuant to the Case Management Order, their initial responses were not due until February 28, 2008, which was the date on the certificate of service of plaintiff's motion, and therefore the motion is premature. Defendants also respond that the motion is moot, because defendants have provided plaintiff with their initial disclosures and responses to the Request for Production of Documents. Finally, defendants state that if the Court were to construe the motion as a motion to compel, it does not comply with the requirements of Local Rule 3.04(A) concerning discovery and disclosure motions.

Plaintiff did not file a reply in support of his motion and the time to do so has passed. The Court will deny the motion to conduct discovery and produce documents as both premature and moot, based on the date of the certificate of service on the motion and on defendants' uncontroverted representation that discovery has been provided. The Court does not construe the motion as a motion to compel.

2. <u>Motion to Subpoena</u>.

Plaintiff filed a motion for an order to subpoena witnesses and for the production of documents, seeking the issuance of subpoenas to twenty-four non-party witnesses. Plaintiff cites Rule 18(b), Fed. R. Civ. P., as the basis of his motion, as well as the Missouri Constitution and "Charter Article XII." Mot. to Subpoena at 1.

Defendants respond that it is not clear whether plaintiff's motion should be construed as a request for the issuance of deposition subpoenas, subpoenas duces tecum, or both. Defendants contend that plaintiff's motion should be denied because plaintiff has not demonstrated that he has made provision for the costs of such discovery. Defendants assert that Rule 45(c), Fed. R. Civ. P., requires the simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena. Defendants cite <u>Badman v. Stark</u>, 139 F.R.D. 601, 604 (M.D. Pa.

2

1991), for the proposition that fees must be tendered concurrently with subpoenas. Defendants state that the district court in Badman held the failure of an in forma pauperis plaintiff to demonstrate he had made provision for the cost of subpoenas duces tecum warranted refusal of his request for issuance of subpoenas and the entry of a protective order that the discovery not be had. Defendants state the court emphasized that an in forma pauperis plaintiff's discovery costs are neither underwritten nor waived. Id. Defendants also cite United States Marshals Service v. Means, 741 F.2d 1053, 1056 (8th Cir. 1984) (en banc), in which the Eighth Circuit observed that while 28 U.S.C. § 1915 expressly provides for service of process for an indigent party's witnesses, it does not mention payment of fees and expenses for such witnesses. The Eighth Circuit concluded that section 1915 does not impliedly authorize government payment of witness fees and expenses for indigent litigants. Id.

Defendants also assert that plaintiff's Motion to Subpoena should be denied because (1) it seeks to conduct depositions in excess of the presumptive limit of ten depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., without establishing any justification to exceed that limit; (2) none of the witnesses plaintiff seeks to subpoena were disclosed to defendants on a list as required by the Court's Case Management Order (Doc. 172), as plaintiff has not provided such a list to the defendants; (3) plaintiff's motion is not in compliance with Local Rule 2.06(C) because plaintiff fails to provide the name and address of each witness for whom a subpoena is sought; (4) most, if not all, of the witnesses plaintiff seeks to subpoena are alleged to have information pertaining to the alleged relationship between plaintiff and former defendant Green, but plaintiff's claims against defendant Green have been dismissed and, as such, the discovery would be irrelevant to plaintiff's remaining claims; and (5) while defendants recognize that plaintiff may prefer to personally conduct oral depositions, this desire must be balanced against the desire to maintain safety, security, and order

within the Missouri Department of Corrections. Allowing plaintiff to depose staff and other prisoners, among others, including those at an institution (Southeastern Correctional Center) located approximately 435 miles from plaintiff's current institution would significantly stress the limited resources available to the involved correctional institutions and has the potential to undermine the requirements for maintaining safety, security, and order within the Missouri Department of Corrections.

In reply, plaintiff filed a "Motion to Strike Subpoena," which asks the Court to strike plaintiff's Motion to Subpoena. The Court interprets this as a request to permit plaintiff to withdraw his Motion to Subpoena, which will be granted.

Plaintiff also asks the Court to issue various orders relating to discovery in this case. The Court declines to do so, and refers plaintiff to the Federal Rules of Civil Procedure for guidance on how to issue discovery requests to the defendants to obtain the information he seeks. With respect to plaintiff's request that the Court order eight non-party correctional officer witnesses employed at Southeast Correctional Center to submit to depositions on written questions pursuant to Rule 31, Fed. R. Civ. P., plaintiff has not established that this is a situation where leave of Court is required to take such depositions, see Rule 31(a)(2), and therefore the Court declines to issue such an order.

In summary, the Court will grant plaintiff's request to withdraw his Motion to Subpoena without prejudice to refiling in the future, and will therefore deny the Motion to Subpoena without prejudice.

3. Motion in Limine.

Plaintiff filed a motion seeking to prohibit the defendants from offering into evidence the following: (1) plaintiff's disciplinary history that is unrelated to this litigation; (2) plaintiff's grievance

complaints that are unrelated to this litigation; (3) plaintiff's Reclassification Adjustment (RCA) score; and (4) details concerning plaintiff's second-degree murder offense.

Defendants respond that plaintiff's motion is premature and not ready for resolution because this matter has not been set for trial. Defendants ask the Court to deny the motion without prejudice at this time so that the issues may be fully briefed if the case is set for trial. Plaintiff did not file a reply in support of his motion and the time to do so has passed.

The Court will deny plaintiff's motion in limine without prejudice. The motion is premature because this case has not been set for trial. Plaintiff may refile this motion after the case is set for trial.

4. <u>Motion for Appointment of Counsel</u>.

Plaintiff filed a motion for appointment of counsel.[1] Plaintiff asserts that he is unable to properly conduct the discovery needed to establish his case, conflicting testimony exists in the case, he has limited access to the law library, he is not familiar with the law, and defendants have been given permission to depose him and he is concerned that he "might be asked to say things which could be used against plaintiff in a criminal prosecution." Mot. Appoint Counsel at 2.

Defendants oppose the motion on the basis that the Court has previously found that this action involves straightforward questions of fact rather than complex questions of law and that plaintiff appears able to clearly present and investigate his claim, citing the Orders of February 8, 2008 (Doc. 181), and January 25, 2008 (Doc. 171). Plaintiff did not file a reply in support of his motion and the time to do so has passed.

---

[1]Plaintiff has previously filed motions for appointment of counsel on January 17, 2006 (Doc. 6), March 6, 6006 (Doc. 12), April 7, 2006 (Doc. 23), June 8, 2006 (Doc. 42), July 26, 2006 (Doc. 52), February 8, 2007 (Doc. 80), January 7, 2008 (Doc. 159), and February 7, 2008 (Doc. 178). Each of these motions was denied.

5

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

The Court has previously stated, and continues to believe upon review of the instant motion, that the factual and legal issues in this case are not complex, and plaintiff appears able to investigate the underlying facts and to articulate and clearly present his position as evidenced by the numerous filings he has made in this action, which have been readily understood by the Court. While plaintiff makes the conclusory assertion there is conflicting testimony, no evidence of such testimony has been developed for the Court's consideration. The Court will deny the motion for appointment of counsel without prejudice.

5. Motion for an Order Compelling Discovery.

Plaintiff moves to compel the defendants to produce certain listed documents pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. Plaintiff states that he issued a Request for Production of Documents to the defendants on February 19, 2008, and that defendants objected to all thirteen of his requests. Plaintiff asserts that defendants' objections "had no substantial justification and were not accompanied by a specific, detailed showing, usually by affidavit." Mot. to Compel at 2. Plaintiff asserts that the defendants' response to his Request for Production of Documents was submitted to the Court as an attachment to Document 189, but as discussed above, plaintiff has not submitted to the Court either his Request for Production of Documents or the defendants' objections thereto.

Defendants respond that plaintiff's motion should be denied because it does not comply with the Court's Local Rule 3.04(A) concerning discovery motions, which requires a statement of a good-faith attempt to resolve prior to the filing of a motion related to discovery or disclosure. The defendants state that plaintiff did not confer with their counsel prior to filing the instant motion. Defendants also state that each of plaintiff's requests for production of documents was objectionable, and that they filed specific objections to each. Plaintiff did not file a reply in support of his motion, and the time to do so has passed.

The Court will deny plaintiff's motion to compel without prejudice for failure to comply with Local Rule 3.04(A) and Federal Rule of Civil Procedure 37(a)(1). As the Court previously informed plaintiff in the Order of February 11, 2008 (Doc. 181), any motion to compel must include a statement to establish that a good-faith effort to resolve the dispute has occurred, and must be supported by copies of the discovery requests and responses at issue so that the Court can evaluate and resolve the dispute:

7

Plaintiff is advised that any motion to compel he may file in the future must comply with this Court's Local Rules concerning discovery motions. Local Rule 3.04(A) provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A).

Pro se litigants are not excused from complying with court orders or substantive and procedural law. American Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 61 (8th Cir. 1988); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam). Although plaintiff may not be able to confer with defendants' counsel Mr. Worthington in person or by telephone, he can write to him to attempt to resolve the dispute, and must do so prior to filing a motion to compel. Any future motion to compel filed by plaintiff must include copies of the written correspondence to establish his compliance with Local Rule 3.04(A).

Where plaintiff claims in a motion to compel that the defendants did not properly respond to a discovery request, plaintiff must also provide the Court with copies of both his discovery request and the defendants' response, so the Court will be able to evaluate whether or not any response or objection was appropriate.

Order of Feb. 11, 2008 at 2-3.

Plaintiff's motion to compel lacks any evidence of a good-faith effort to resolve the dispute, and is not accompanied by copies of plaintiff's Request for Production of Documents or the objections thereto. The motion will therefore be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion for Conducting of Discovery and Production of Documents" is **DENIED**. [Doc. 187]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Subpoena is **DENIED** without prejudice, having been withdrawn by plaintiff. [Doc. 188]

**IT IS FURTHER ORDERED** that plaintiff's Motion in Limine is **DENIED** without prejudice. [Doc. 200]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [Doc. 201]

**IT IS FURTHER ORDERED** that plaintiff's Motion for an Order Compelling Discovery is **DENIED** without prejudice. [Doc. 204]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of April, 2008.