**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| LAWRENCE MARTIN EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-1 CAS |
| ) | |
| CHUCK DWYER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's document titled "Emergency Writ to Order," which the Court construes as a motion for temporary restraining order. Defendants oppose the motion. Because of the nature of the relief sought by plaintiff's motion, the Court will not wait for a reply memorandum from plaintiff before issuing a ruling. For the following reasons, the motion will be denied.

**The Motion and Response**.

In the motion for temporary restraining order, plaintiff seeks an order to prohibit his transfer to another facility, and a mandate that he be placed in protective custody. Plaintiff states that he is currently being held in administrative segregation at the Crossroads Correctional Center and is being administratively recommended for a "special needs" transfer, based on an incident involving a Captain Knowles

> illegally detaining plaintiff, after plaintiff 3-way called his brother to report a visitor's entry into the [Crossroads Correctional Center] with a fake ID. . . . This brought about a breach of security and safety and plaintiff being punished for exposing this breach that resulted in officers reassignment, another offender placed in ad-seg, and plaintiff along with the other offender named [].

Mot. for TRO at 1-2.

Plaintiff asks the Court to order that he be placed in the protective custody unit at the Eastern Reception and Diagnostic Correctional Center. In a subsequent letter to the Clerk of the Court dated June 15, 2008, plaintiff asks "the Court and Attorney General to intervene and place me at a C-5/C-4 institution at Farmington Correctional Center," and to "mandate my placement in the protective custody permanently at all C-5 facilities. Or, transfer me to C-4 Farmington Correctional Center that also houses C-5 offenders and where no officials or offenders know about this situation." Letter from plaintiff at 2 (Ex. A to Doc. 227).

The defendants respond that the motion should be denied because the relief plaintiff requests is outside the scope of his complaint, the defendants are employees at Southeast Correctional Center and do not have the authority to prevent the transfer of an inmate from the Crossroads Correctional Center to another institution, the Court should not issue an injunction against non-parties in this action, and plaintiff has no right to placement in a particular prison facility and should not be allowed to second-guess in court a decision of the Department of Corrections to transfer him. Finally, defendants state there is no evidence plaintiff has exhausted his administrative remedies with respect to his new claims regarding transfer from his current institution.

**Discussion**.

In determining whether to issue a temporary restraining order, the Court must consider the following four factors:

(i) The threat of irreparable harm to the movant;

(ii) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant;

2

(iii) the probability that movant will succeed on the merits; and

(iv) the public interest.

Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). The burden of proving these prerequisites is entirely on the party seeking injunctive relief. Modern Computer Systems, Inc. v. Modern Banking Systems, Inc., 871 F.2d 734, 737 (8th Cir. 1989) (en banc).

A court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing Dataphase, 640 F.2d at 113 & n.5)). A party moving for a temporary restraining order must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. Devose, 42 F.3d at 471 (citing Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)). Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Plaintiff's motion for temporary injunctive relief concerns allegations which were not raised in his complaint. The motion is based on new assertions of mistreatment that are entirely different from the claim that these defendants violated plaintiff's rights by recommending that he be released into the general prison population at Southeast Correctional Center. As such, these allegations cannot provide the basis for injunctive relief in this lawsuit and the motion should be denied. See Devose, 42 F.3d at 471. Further, defendants are correct that injunctive relief is not appropriate where

the parties sought to be enjoined, as here, lack the power to execute the Court's order. See Randolph v. Rodgers, 253 F.3d 342, 345-46 (8th Cir. 2001).

Moreover, prisoners generally have no constitutionally-protected right against transfer to another prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (cited Randolph v. Rodgers, 253 F.3d 342, 345-46 (8th Cir. 2001) case omitted); Goff v. Burton, 91 F.3d 1188, 1191 (8th Cir. 1996). "Prison authorities have a great deal of discretion in running their institutions, and such discretion normally outweighs any interest that any individual prisoner may have in remaining housed in a particular prison." Rouse v. Benson, 193 F.3d 936, 940 (8th Cir. 1999) (citing Sanders v. St. Louis County, 724 F.2d 665, 668 (8th Cir. 1983)).

For these reasons, plaintiff's motion for temporary injunctive relief should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Emergency Writ to Order," construed as a motion for temporary restraining order, is **DENIED**. [Doc. 227]

                **CHARLES A. SHAW**
                **UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of June, 2008.