**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| LAWRENCE MARTIN EDWARDS,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>CHUCK DWYER, et al.,  )<br>)<br>Defendants.  ) | No. 1:06-CV-1 CAS |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Motion for Summary Judgment (Doc. 216) and Motion to Compel (Doc. 219). The defendants oppose both motions and plaintiff has filed replies, so the motions are ready for ruling. For the following reasons, plaintiff's motions will be denied.

**Background**.

This is a prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff's remaining in this case are plaintiff's claims against (1) defendants Williams, Dowdy and Martinez in their individual capacities for money damages, based on their alleged recommendation as members of the administrative segregation committee that plaintiff be released to the Southeast Correctional Center's ("SECC") general population in August 2005, knowing this would endanger plaintiff (see Complaint, Doc. 83, ¶¶ 57-59); and (2) defaulting defendants Vance and Cobbs in their individual capacities for money damages. In the instant motion, plaintiff seeks summary judgment on his claims against these defendants. In support of the motion, plaintiff submits four separate affidavits from himself, as well as numerous exhibits.

**Discussion**.

    **A. Summary Judgment Motion.**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met his burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Anderson, 477 U.S. at 257; City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc., 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Additionally, this Court is "'not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and

search the entire record for some specific facts that might support the nonmoving party's claim.'" White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (quoted case omitted).

Plaintiff moves for summary judgment against defendants Williams, Dowdy and Martinez on his claim that they recommended he be released to SECC's general population, knowing this would place him in danger from known enemies, particularly offender Alonzo St. John and his associates.[1] Plaintiff's motion, however states that "[t]here are genuine issues of material fact that preclude summary judgment for the defendants on the plaintiff's claims of deliberate indifference and failure to protect." Mot. for Summ. J. at 2. Plaintiff also states, "The affidavit of the plaintiff and the position of the defendants on the defendants' knowledge of the substantial risk of harm from offender St. John's threats and whether the correctional staff acted reasonably to ensure the safety of the plaintiff are squarely in contradiction to one another. . . . There is clearly a genuine issue of fact." Id. Later in the motion, plaintiff states,

> With regards to defendants Vance, Williams, Dowdy, Martinez and Cobbs material issue of fact as to whether substantial risk of harm existed and whether these defendants were aware of that risk preclude summary judgment. Material issues of fact regarding steps that could have been taken and the policy of forcing plaintiff in to general population after his request for transfer and refusal to sign waivers also preclude summary judgment for the defendants.

Mot. Summ. J. at 4. The motion concludes with the statement that plaintiff's motion for summary judgment should be denied. Id. at 5.

The defendants respond that plaintiff's motion for summary judgment appears to be a premature memorandum in opposition to a motion for summary judgment which has not yet been

---

[1]Plaintiff's summary judgment motion also appears to seek summary judgment against defendants Vance and Cobbs, but these defendants are in default. See Clerk's Entry of Default (Doc. 135).

filed by the defendants, and should be denied because it does not assert that there are undisputed material facts which support the grant of summary judgment for the plaintiff.

Plaintiff replies that his motion does seek summary judgment and that he should not be penalized for "a few labeling errors, made by a pro se litigant." Reply at 2. Plaintiff submitted a Statement of Undisputed Material Facts (Doc. 222) with his reply, which reasserts the allegations of his complaint that the defendants recommended his release to the general population despite plaintiff's protests that he was at a high risk of retaliation from St. John and other offenders, and refers to plaintiffs' affidavits submitted with the motion. Plaintiff's Statement of Material Facts asserts that on August 2, 2005, he refused to sign a Classification Hearing Sheet and Protective Custody Assessment/Enemy Waiver (see Doc. 216-11 at 3), and that his signature on the document was forged by defendant Dowdy.

The Protective Custody Needs Assessment/Waiver submitted as an exhibit to plaintiff's summary judgment motion is dated August 2, 2005 and includes the following pre-printed statement, "I do not feel that I need protective custody. I am not aware of any enemies among the inmate population, and do not believe I am in any danger." The box next to this statement is checked, and initialed "L.E." At the bottom of the form, in the space for an inmate signature, is written "Lawrence Edwards." (Doc. 216-11 at 3). Plaintiff also submitted an exhibit titled "Enemy Waiver" dated August 2, 2005, which appears to bear the signatures of Lawrence Edwards and Alonzo St. John. The Enemy Waiver that Edwards and Alonzo St. John have been declared enemies, and "pledge that no harm will be done to each other by ourselves or anyone else on our behalf." (Doc. 216-11 at 2). Plaintiff also submitted an exhibit titled Classification Hearing concerning plaintiff's administrative segregation hearing of August 2, 2005, which includes the offender statement, "I want out," and

recommends that plaintiff be assigned to general population because "No PC needs/waiver & assessment signed." (See Doc. 216-12 at 6). In his affidavits, plaintiff avers that his signature on these documents was forged and that he did not ask to be released from administrative segregation.

Based on the foregoing, and disregarding plaintiff's statements in his summary judgment motion concerning the existence of factual disputes, the Court finds that plaintiff has not met his initial burden on summary judgment to establish that no genuine issues of material fact exist, or that he is entitled to judgment as a matter of law. Because plaintiff failed to meet his initial burden, defendants are not required to make any showing with respect to plaintiff's motion. Plaintiff's summary judgment motion should therefore be denied.

**B. Motion to Compel**.

Plaintiff's Motion for an Order Compelling Discovery asks the Court to compel the defendants to respond to (1) plaintiff's request for production of documents dated January 29, 2008, and (2) plaintiff's initial disclosures dated March 12, 2008. The motion states in pertinent part:

> Plaintiff did not receive the addresses to all listed correctional officers at Southeast Correctional Center or prison officials at Central Office nor register number and address where offenders can be reached for necessary declarations and depositions. Plaintiff did not receive requests 1-18 discovery from "Plaintiff's Initial Disclosure." See attached particularity statement: Defendants sent Plaintiff their First Supplemental Initial Disclosures minus all request plaintiff made his "Request for Production of Documents and Discovery," certificate of service 22nd of April 2008.

Mot. for Order Compelling Discovery at 1.

    a. <u>January 29, 2008 Request for Production of Documents</u>

Defendants respond that they have provided plaintiff with responses to the January 29, 2008 request for production of documents. Defendants state that plaintiff previously filed a motion to compel responses to the January 29, 2008 request for production of documents, defendants

responded that they had complied with the request, plaintiff did not reply, and the Court denied the motion as both premature and moot. See Order of April 14, 2008 at 1-2 (Doc. 209).

Defendants also state that the motion to compel should be denied for plaintiff's failure to comply with Local Rule 3.04(A) concerning discovery motions, because plaintiff did not confer with defendants' counsel with regard to a discovery dispute concerning the January 29, 2008 request for production of documents. Defendants state that the letter dated April 20, 2008 attached to plaintiff's motion and labeled as a "Notice to Confer Letter" does not mention the January 29, 2008 request for production of documents.

Plaintiff replies that he sent a "Notice to Confer Letter" to defendants on April 20, 2008, in which he informed defendants that in plaintiff's initial disclosures he listed additional witnesses from whom he wanted documents and for whom he wanted addresses. Plaintiff states that he submitted additional requests for production of documents to the defendants on April 22, 2008 and May 9, 2008.

The Court will deny plaintiff's motion to compel with respect to the January 29, 2008 request for production of documents. Attached to plaintiff's reply is a copy of the defendants' Response to the January 29, 2008 request for production of documents. In the Response, defendants object to plaintiff's requests on several grounds, including that the interrogatories are vague and confusing. Defendants further object that to the extent plaintiff requests records from personnel files, those records are closed under state law, and to the extent plaintiff seeks the records of other inmates, those records are closed to protect the safety of the institution and the privacy of other inmates. The response also refers to documents previously produced to plaintiff with defendants' Initial Disclosures.

Plaintiff has failed to comply with Local Rule 3.04(A) and Federal Rule of Civil Procedure 37(a)(1) because he has not submitted any proof that he made a good-faith effort to confer with defendants concerning their Response and objections to the January 29, 2008 request for production of documents which is the subject of this motion. Although plaintiff may have conferred with the defendants concerning other discovery requests, that is irrelevant to the present motion. Further, the Court has reviewed plaintiff's January 29, 2008 request for production of documents and concludes that defendants' objections appear to be valid. This aspect of plaintiff's motion to compel should therefore be denied.

### b. Documents Requested in Plaintiff's Initial Disclosures

Plaintiff's initial disclosures dated March 18, 2008, included seventeen numbered paragraphs in which plaintiff stated that he "needed" certain documents or categories of documents. (See Doc. 219-2). Defendants state that the Federal Rules do not contemplate requests for documents contained within Rule 26 disclosures, and do not require or provide a framework for responses to such requests. Defendants further state that they have complied with Rule 26's disclosure requirements.

The Court agrees with defendants. Although plaintiff is proceedings pro se, he is required to comply with substantive and procedural law. American Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 61 (8th Cir. 1988). Rule 26 provides for the disclosure of information by the parties, and does not contemplate or permit a request for production of documents or other discovery request to be contained within a party's initial disclosure. Plaintiff's motion to compel defendants to respond to

his request for production of documents contained in plaintiff's initial disclosures should therefore be denied.[2]

**C. Legibility of Plaintiff's Filings**.

The Court has previously asked plaintiff to attempt to make his filings more legible. See Order of March 11, 2008 at 2 (Doc. 197). The Court is having great difficulty reading plaintiff's filings, which is burdensome because plaintiff files numerous documents. Plaintiff's filings are handwritten, plaintiff's handwriting is not easily read, and sometimes is very small. Plaintiff has also submitted documents for filing which have writing on both sides of a page. This makes it difficult for the Clerk of the Court to scan the documents into the electronic filing system.

Plaintiff must make more of an effort to submit documents that are more easily read, such as by writing larger, writing in all capital letters, or leaving every other line on the page blank. Plaintiff must only use one side of a piece of paper. The Court reserves the right to return documents that it cannot read to plaintiff, to be resubmitted in legible writing.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Summary Judgment is **DENIED**. [Doc. 216]

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel is **DENIED**. [Doc. 219]

---

[2]Although plaintiff states in his reply that he also requested addresses of witnesses in the Initial Disclosure, the Court does not see such a request contained in the Initial Disclosure. Moreover, as with the request for production of documents, it is not proper to seek discovery in a party's initial disclosure.

**IT IS FURTHER ORDERED** that in the future, plaintiff shall make every effort to submit documents to the Court which are legible, and shall only submit documents with writing on one side of the page. Documents which do not comply with this order may returned to plaintiff.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   25th   day of June, 2008.