**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| LAWRENCE MARTIN EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-1 CAS |
| ) | |
| CHUCK DWYER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Laura Vance's Motion to Set Aside Clerk's Entry of Default Due to Court's Lack of Personal Jurisdiction over Defendant.[1] Plaintiff Lawrence Edwards has filed an opposition to the motion, and the matter is ready for decision. For the following reasons, the motion will be granted.

**Background**.

Plaintiff alleges in the Amended Complaint defendant Vance, then the Associate Superintendent at Southeast Correctional Center ("SECC"), approved the recommendation of defendants Williams, Dowdy and Martinez that plaintiff be released to the general prison population at SECC, knowing that plaintiff was at a high risk of retaliation from other offenders (see Amended Complaint, Doc. 83, ¶ 60). On September 24, 2007, a return of service was filed showing that defendant Vance was served by certified mail on August 13, 2007, making her answer to the complaint due on September 4, 2007 (Doc. 129). On October 11, 2007, a Clerk's Entry of Default was entered against Vance under Rule 55(a), Federal Rules of Civil Procedure (Dsoc. 135).

---

[1]This defendant identifies herself as Laura Doyle. Because she is identified in the complaint as Laura Vance, the Court will continue to refer to this defendant as Laura Vance.

Subsequently, plaintiff's claims against Vance in her official capacity, and for declaratory and injunctive relief, were dismissed by the Memorandum and Order of January 25, 2008 (Doc. 168). The only remaining claims against defendant Vance are plaintiff's claims for money damages against her in her individual capacity. Plaintiff's motion for default judgment against Vance was denied without prejudice as premature. See Mem. and Order of Jan. 25, 2008 (Doc. 170).

**Legal Standard**.

Where the Clerk has entered default against a party under Rule 55(a), that party has "no further standing to contest the factual allegations of plaintiff's claim for relief." Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988) (internal citation omitted). Where a default has been entered, the "defendant is deemed to have admitted all well pleaded allegations in the complaint." Taylor v. City of Ballwin, 859 F.2d 1330, 1333, n.7 (8th Cir. 1988) (internal punctuation and citation omitted).

An entry of default under Rule 55(a) will not automatically be set aside. The Federal Rules require that there be a showing of "good cause" to set aside an order of default. Fed. R. Civ. P. 55(c). "When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008) (quoting Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998)). Where a party fails to make an initial showing of good cause, however, a court does not abuse its discretion by declining to consider the meritoriousness of the defense or the potential prejudice to the plaintiff. See McMillian/McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319, 320 (8th Cir. 1997).

**Discussion**.

Vance asserts in her motion to set aside Clerk's Entry of Default that the proof of service of process upon her as shown in the record of this case is defective as a matter of law, and therefore the Court lacks jurisdiction over her and the entry of default must be set aside.

Vance states that the return of service filed in this matter (Doc. 129) reflects only that a copy of the summons was delivered by Certified Mail and was signed for by a "Marcus" at the last known address for Vance which was provided to the Court under seal by counsel for the defendants. Vance states that while service by certified mail is permitted pursuant to Federal Rule of Civil Procedure 4(e)(1) for service in Texas, because the U.S. Marshal attempted to serve Doyle by certified mail, Texas law mandates that the return receipt be signed by the addressee, citing Tex. R. Civ. P. 107; Keeton v. Carrasco, 53 S.W.3d 13, 19 (Tex.App.-San Antonio 2001, pet. denied). When the return receipt is not signed by the addressee, the service of process is defective. Keeton, 53 S.W.3d at 19; Southwestern Security Servs. Inc. v. Gamboa, 172 S.W.3d 90, 92 (Tex.App.-El Paso 2005, no pet.).

Vance states that because the proof of service in the Court record does not reflect that she signed the return receipt, the purported service does not comply with the Texas rules governing service. Accordingly, Vance asserts that plaintiff has failed to properly serve her and the Court lacks jurisdiction over her. Vance also states that if her motion to set aside the Clerk's Entry of Default is granted and she is granted leave to join in defendants Williams, Dowdy and Martinez's motion for summary judgment, she will voluntarily waive service of process and file her answer to the complaint.

Plaintiff responds that Vance had actual notice of his complaint against her based on Defendants' First Supplemental Initial Disclosures, which state that Vance is a defendant, is no longer employed by the Missouri Department of Corrections, and may be contacted through defense counsel.

3

Plaintiff further responds that he has and had no knowledge of Vance's address, and was required to rely on defense counsel to provide the address for service to the Court *in camera*, as ordered. Plaintiff states that plaintiff had twenty days after service to file her answer or other response to the complaint, but failed to do so. Plaintiff asserts that the instant motion should be denied and that Vance should not be permitted to join in the remaining defendants' motion for summary judgment.

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). It is therefore proper to examine the law in Texas, where service on Vance was attempted, to determine whether the service complied with applicable state law. Texas Rule of Civil Procedure 106 authorizes service of process by, inter alia, "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Tex. R. Civ. P. 106. Texas Rule of Civil Procedure 107 provides in pertinent part, "When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." Tex. R. Civ. P. 107.

Where service is attempted by certified or registered mail, Texas law mandates that the return receipt be signed by the addressee. Florance v. Buchmeyer, 500 F.Supp.2d 618, 633 (N.D. Tex. 2007); Keeton, 53 S.W.3d at 19 (citing Tex. R. Civ. P. 107). "If the return receipt is not signed by the addressee, the service of process is defective." Keeton, id. (citing Webb v. Oberkampf Supply of Lubbock, Inc., 831 S.W.2d 61, 64 (Tex.App.-Amarillo 1992, no writ) (return receipt not signed

4

by addressee); Pharmakinetics Laboratories, Inc. v. Katz, 717 S.W.2d 704, 706 (Tex.App.-San Antonio 1986, no writ)).

In this case, the certified mail return receipt is not signed by Vance. As a result, the service on Vance does not comply with the Texas rules governing service, and the service of process is fatally defective. "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Defects in service are jurisdictional in nature: "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993); see also Seig v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982) ("[A] federal court is without jurisdiction to render personal judgment against a defendant if service of process is not made in accordance with applicable federal or state statutory requirements. This principle remains true despite any actual notice a defendant may have of the lawsuit.") (internal citations omitted). Accordingly, the clerk's entry of default against Vance must be set aside for good cause due to the Court's lack of personal jurisdiction over Vance, regardless of any actual notice she may have had of this action. Vance's motion should therefore be granted.

The Court must also determine whether defendant Vance should be permitted to waive service, file her answer, and join in the pending motion for summary judgment filed by defendants Williams, Dowdy and Martinez. Rule 4(m) requires a plaintiff to serve a defendant within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). If a plaintiff fails to accomplish service on a defendant within this time period, Rule 4(m) provides that "the court--on motion or on its own after notice to the plaintiff--must dismiss the action with prejudice against that defendant or order that

5

service be made within a specified time." Rule 4(m), Fed. R. Civ. P. Although a defendant has no obligation to waive service of process, Vance has offered to do so in this case.

The Court has previously found that plaintiff's claims against Vance are closely related to his claims against defendants Williams, Dowdy and Martinez. See Mem. and Order of Jan. 25, 2008 at 3 (Doc. 170) (denying plaintiff's motion for default judgment against Vance because Vance was "similarly situated" to defendants Williams, Dowdy and Martinez; noting that if plaintiff's claims against Williams, Dowdy and Martinez were to fail on the merits, it would be inconsistent for plaintiff to prevail against Vance on the related claims).

Under these circumstances, the Court finds it appropriate and in the interest of justice to permit Vance to waive service, file her answer to the complaint, and join in the motion for summary judgment filed by defendants Williams, Dowdy and Martinez.

**Conclusion**.

For the foregoing reasons, defendant Laura Vance's Motion to Set Aside Clerk's Entry of Default Due to Court's Lack of Personal Jurisdiction over Defendant must be granted. Defendant Vance will be permitted to waive service, file her answer to the complaint, and join in the motion for summary judgment filed by defendants Williams, Dowdy and Martinez.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Laura Vance's Motion to Set Aside Clerk's Entry of Default Due to Court's Lack of Personal Jurisdiction over Defendant is **GRANTED**. [Doc. 240]

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default against defendant Vance is **VACATED**. [Doc. 135]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket the Entry of Appearance and Answer submitted by defendant Vance as attachments to her Motion to Set Aside Clerk's Entry of Default Due to Court's Lack of Personal Jurisdiction over Defendant.

**IT IS FURTHER ORDERED** that the Court will consider the motion for summary judgment filed by defendants Williams, Dowdy and Martinez (Doc. 237) as having been filed by defendant Vance as well.

 

 

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of September, 2008.