**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| LAWRENCE MARTIN EDWARDS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:06-CV-1 CAS ) |
| CHUCK DWYER, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion for summary judgment filed by remaining defendants Williams, Dowdy, Martinez and Vance, and several motions filed by plaintiff Lawrence Edwards.[1] The motion for summary judgment is fully briefed, the defendants have responded to plaintiff's motions, and the time for filing any replies by plaintiff has passed. All of the motions are therefore ready for decision. For the following reasons, the Court will grant defendants' motion for summary judgment and deny plaintiff's motions.

**I. Background**.

This is a prisoner civil rights action under 42 U.S.C. § 1983. The plaintiff is Lawrence Martin Edwards, a Missouri state prisoner, who alleges in his First Amended Complaint ("Complaint") that while he was incarcerated at Southeast Correctional Center ("SECC"), SECC Correctional Officer Tori Green coerced him into a sexual relationship and later asked another inmate, with whom she was

___

[1]Plaintiff's claims against all of other defendants in this action, except for defaulting defendant Tamara Cobs, have previously been dismissed.

By Memorandum and Order dated September 11, 2008, defendant Vance was granted leave to voluntarily waive service of process in this matter and join in the motion for summary judgment previously filed by defendants Williams, Dowdy and Martinez.

also sexually involved, to harm plaintiff after he broke off the relationship and reported Green's actions to prison officials. As relevant to the pending summary judgment motion, plaintiff alleges that defendants John Williams, a Functional Unit Manager at SECC, Cheryl Dowdy, a classification caseworker at SECC, and Dan Martinez, a Corrections Lieutenant at SECC, sin their capacities as members of SECC's administrative segregation committee, recommended that Edwards be released to the general prison population despite his protests that this would subject him to a risk of physical retaliation by other prisoners. (Amended Complaint at ¶¶ 57-59). Plaintiff also alleges that defendant Laura Vance, then the Associate Superintendent at SECC, approved the recommendation of defendants Williams, Dowdy and Martinez that plaintiff be released to the general prison population at SECC, although she knew that plaintiff was at a high risk of retaliation from other prisoners. (Id., ¶ 60).

Plaintiff's claims against Williams, Dowdy, Martinez and Vance in their official capacities, and plaintiff's claims for declaratory and injunctive relief, were dismissed by Memorandum and Order dated January 25, 2008 (Doc. 168). As a result, plaintiff's remaining claims against these defendants are for money damages in their individual capacities.

The defendants assert that plaintiff's claims for damages should be dismissed as a matter of law because plaintiff cannot show that he suffered any actual damages, an essential element of an Eighth Amendment failure to protect claim. The defendants also assert that they are entitled to qualified immunity on plaintiff's claims against them.

**II. Legal Standard**.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Anderson, 477 U.S. at 257; City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc., 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Additionally, this Court is "'not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.'" White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (quoted case omitted).

With these standards in mind, the Court finds the following facts for purposes of the instant motions for summary judgment.

**III. Facts.**[2]

1. Plaintiff Edwards is currently an inmate at the Jefferson City Correctional Center in Jefferson City, Missouri. Edwards filed his Complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at SECC in Charleston, Missouri,.

2. Plaintiff alleges that defendants John Williams, Dan Martinez, and Cheryl Dowdy, in their capacities as members of SECC's administrative segregation committee, recommended that Edwards be released to the general prison population despite Edwards' protests that this would subject him to a risk of physical retaliation by other prisoners. Id. at ¶¶ 57-59.

3. Plaintiff alleges that defendant Laura Vance approved the administrative segregation committee's recommendation that Edwards be released to the general prison population despite her knowledge that this would subject him to a risk of physical retaliation by other prisoners. Id. at ¶ 60.

4. Plaintiff alleges generally in the Complaint that as a result of all of the defendants' conduct in this action, he suffered "severe physical injury and has suffered severe emotional distress and mental distress." Id. at ¶ 84.

5. Plaintiff admitted in his deposition testimony that he was not physically injured as a result of his release to the prison general population on August 3, 2005. (Pl.'s Dep. 95:2-13). The

---

[2]The Court generally adopts the defendants' Statement of Uncontroverted Material Facts as contained in their motion for summary judgment. This statement of facts is supported by the record. Although plaintiff submitted certain uncontroverted material facts of his own in response, plaintiff's facts are immaterial to the instant motion for summary judgment, and plaintiff has not disputed defendants' statements of the facts under Local Rule 4.01(E). As a result, for purposes of this motion, plaintiff is deemed to have admitted all facts which were not specifically controverted. See Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168 (E.D. Mo. 1999); see also Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E. D. Mo. Local Rule 4.01(E)). The Court has modified and added certain paragraphs to the Statement of Uncontroverted Material Facts in order to reflect more fully the facts appearing in the record.

offenders who plaintiff testified that he feared did not get closer than twenty feet to plaintiff. (Id., 89:25-90:1-10).

6. Plaintiff testified that when he was released to the prison general population on August 3, 2005, he was "put in a situation" where he could have been harmed, stabbed or beat up, and as a result he had "all this anxiety or whatever." (Pl.'s Dep. 95:6-13).

**IV. Discussion**.

**A. Defendants' Summary Judgment Motion**.

The Eighth Amendment to the United States Constitution prohibits the infliction of "cruel and unusual punishments." The Supreme Court has instructed that the Eighth Amendment imposes on prison officials the duty to "provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Prison officials are required to take reasonable measures to "protect prisoners from violence at the hands of other prisoners." Id. (internal punctuation and quoted case omitted). The Eighth Amendment imposes this duty because being subjected to violent assaults is not "part of the penalty that criminal offenders pay for their offenses." See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

To prevail on an Eighth Amendment failure-to-protect claim, a prisoner plaintiff must make two showings. First, he must demonstrate that he is "incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. Second, the plaintiff must show that the defendant official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. The second, subjective requirement is necessary because "only the unnecessary and wanton infliction of pain implicates the Eighth

Amendment." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis, and citations omitted).

Although the complaint alleges generally that plaintiff suffered physical injury as a result of the conduct of all of the defendants in this action, see Complaint, ¶ 84, plaintiff's deposition testimony is unequivocal that he did not suffer any physical injuries as a result of being released into the general prison population on August 3, 2005. Plaintiff did testify that he suffered emotional injuries as a result of his release to the general population.

Under the Prison Litigation Reform Act, "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury." 42 U.S.C. § 1997e(e); see also Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004) (42 U.S.C. § 1997e(e) applies to all prisoner federal civil actions), cert. denied sub nom Royal v. Reid, 544 U.S. 1061 (2005). The defendants assert that because plaintiff did not suffer a physical injury as a result of his release to the general prison population on August 3, 2005, they are entitled to judgment as a matter of law.

In opposition to the motion for summary judgment, plaintiff asserts that he suffered physical injury when he was scratched by defendant Cobbs in June 2005, and also suffered physical injury in a fight with another offender, Alonzo St. John, in March 2005. Plaintiff also asserts that he had several counseling sessions at SECC regarding anxiety in March, April and May 2005. These allegations are immaterial, however, as to whether plaintiff suffered physical harm as a result of being released to the general prison population in August 2005. Plaintiff's testimony is clear that he did not suffer physical harm as a result of the release.

Because plaintiff does not have the requisite physical injury to support a claim for mental or emotional suffering, the defendants are entitled to summary judgment under 42 U.S.C. § 1997e(e). See Smith v. Moody, 175 F.3d 1025 (table) (8th Cir. 1999) (unpublished per curiam) (affirming dismissal of inmate's complaint where inmate failed to allege any physical injury); Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of inmate's claims pursuant to 42 U.S.C. § 1997e(e), where alleged physical injury was merely de minimis); Todd v. Graves, 217 F.Supp.2d 958, 960-61 (S.D. Iowa 2002) (barring plaintiff from recovering compensatory damages for mental and emotional injuries because his physical injuries did not pass the de minimis test of 42 U.S.C. § 1997e(e)). As a result of this conclusion, the Court does not reach defendants' allegations that they are entitled to qualified immunity on plaintiff's claims.

**B. Plaintiff's Motions**.

1. *Motion for Emergency Writ to Order*

By this motion, plaintiff seeks to obtain session notes from mental health counseling sessions he had in March, April and May 2005, in order to support his opposition to defendants' motion for summary judgment. This motion will be denied, because the documents plaintiff seeks relate to counseling sessions which occurred prior to his release into the prison general population. As discussed above, any anxiety plaintiff may have suffered prior to the release date in August 2005 is irrelevant to his claims against Williams, Dowdy, Martinez and Vance based on their decision to order him released to the general population in August 2005.

2. *Motions to Compel*

Plaintiff filed three motions to compel in this matter, all of which defendants oppose. The motions should be denied for two reasons. First, the motions are untimely, as each was filed after the

deadline of May 30, 2008 for the filing of motions to compel as set forth in the Order of May 2, 2008 [Doc. 214]. Second, none of the motions comply with the Court's Local Rules concerning discovery motions. Local Rule 3.04(A) provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A). Plaintiff was previously informed that he was required to comply with this requirement. See Order of Feb. 8, 2008 [Doc. 181]. Plaintiff's motions to compel should therefore be denied.

### 3. *Motion for Appointment of Counsel*

Plaintiff filed a motion for appointment of counsel which asserts that if plaintiff's motion for summary judgment [Doc. 216] were granted, he would need counsel to present his case at trial. This motion is moot because the Court denied plaintiff's motion for summary judgment by Memorandum and Order dated June 25, 2008 [Doc. 236]. The Court further determines that plaintiff does not require the appointment of counsel for the reasons stated in its Orders of January 24, 2008 [Doc. 171], February 8, 2008 [Doc. 181], and April 17, 2008 [Doc. 209].

## V. **Conclusion**.

For the foregoing reasons, defendants Williams, Dowdy, Martinez and Vance's motion for summary judgment should be granted. Plaintiff's motion for emergency writ to order, motions to compel, for appointment of counsel, and discovery should be denied.

Remaining in this case is plaintiff's claim against defaulting defendant Cobbs in her individual capacity for money damages. No other claims remain. The Court will address plaintiff's claim against Cobbs in a separate order.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Williams, Dowdy, Martinez and Vance's motion for summary judgment is **GRANTED**. [Doc. 237]

**IT IS FURTHER ORDERED** that plaintiff's motion for emergency writ to order is **DENIED**. [Doc. 243]

**IT IS FURTHER ORDERED** that plaintiff's motions to compel are **DENIED**. [Doc. 223, 226, 228]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED**. [Doc. 224]

An appropriate judgment will accompany this memorandum and order.

                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of September, 2008.