**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE MARTIN EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-1 CAS |
| | ) | |
| CHUCK DWYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The only claim remaining in this action is plaintiff's claim against defaulting defendant Tamara Cobbs in her individual capacity for money damages.[1]

In the Amended Complaint, plaintiff alleges that defendant Cobbs, a Correctional Officer at Southeast Correctional Center ("SECC"), harassed him on June 6, 2005, because he reported her friend, former defendant Green, to prison officials; called plaintiff a "snitch" in front of other offenders, and scratched plaintiff with her fingernails. Plaintiff alleges that on June 16, 2005, Cobbs again harassed him, called him a "snitch" in the presence of other offenders in an attempt to cause the other offenders to become "angry, vindictive and violent towards plaintiff." Plaintiff alleges that Cobbs inflicted numerous scratches on his underarm and chest area. Plaintiff alleges that he was seen by medical personnel on June 23, 2005 regarding the scratches, which were treated and documented in his medical records. Plaintiff also spoke with a caseworker concerning a grievance he filed about defendant Cobbs' conduct, and the caseworker noted that plaintiff did in fact have scratches on his

---

[1]Plaintiff's claims against Cobbs in her official capacity, and for declaratory and injunctive relief, were dismissed by the Memorandum and Order of January 25, 2008 (Doc. 168).

body. Plaintiff appeared before an administrative segregation committee on August 2, 2005, and explained that if he were to be released from administrative segregation he would be subjected to a risk of serious physical injury by offender St. John and other offenders who were present when Cobbs called him a snitch. (See Amended Complaint, ¶¶ 53-58).

Although Cobbs was served with summons and complaint, she did not file a responsive pleading. On October 11, 2007, a Clerk's Entry of Default under Rule 55(a) was entered against defendant Cobbs. (Doc. 135)

Where the Clerk has entered default against a party, it has "no further standing to contest the factual allegations of plaintiff's claim for relief." Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (internal citation omitted). Where a default has been entered, the "defendant is deemed to have admitted all well pleaded allegations in the complaint." Id. (internal punctuation and citation omitted).

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor, 859 F.2d at 1332. "Even when a defendant is technically in default, a plaintiff is not entitled to default judgment as a matter of right." 10 James Wm. Moore, et al., Moore's Federal Practice § 55.20[2][b] (3d ed. 2007). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)).

Facts relating to the amount of damages must be proved by the party seeking default in a supplemental hearing or proceeding. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001). A default judgment cannot be entered until the amount of damages has been ascertained.

<u>Hagen v. Sisseton-Wahpeton Cmty. Coll.</u>, 205 F.3d 1040, 1042 (8th Cir. 2000).  Prior to the entry of a discretionary default judgment, the Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of his claim.  10 <u>Moore's Federal Practice</u>, § 55.20[2][b].

Plaintiff will be ordered to file a motion for default judgment against defendant Cobbs, which shall be supported by any relevant affidavits, declarations or other materials.  In the exercise of its discretion, the Court will not conduct an evidentiary hearing or take oral testimony on the motion for default judgment, but rather will decide the motion based on the affidavits, declarations and other materials submitted.  <u>See</u> <u>Stephenson v. El-Batrawi</u>, 524 F.3d 907, 916 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court under Fed. R. Civ. P. 55(b)(2)(B).").

If plaintiff chooses to submit his own affidavit or declaration submitted under penalty of perjury in support of the motion, he shall limit himself to filing one such affidavit or declaration. Plaintiff may also file the affidavits or declarations of other individuals, if relevant.  Plaintiff shall specifically address the damages that he has suffered as a result of Cobbs' conduct and the monetary value that he places on those damages.  Although defendant Cobbs is in default, she may respond to any materials submitted by plaintiff with respect to the amount of damages.  <u>See</u> 10 <u>Moore's Federal Practice</u> § 55.32[1][c].

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a motion for default judgment under Rule 55(b) against defendant Tamara Cobbs, by **October 20, 2008**.  Any affidavits, declarations signed under penalty of perjury, or other relevant materials shall be filed together with the motion.

**IT IS FURTHER ORDERED** that any response by defendant Cobbs shall be filed within five (5) days of the filing of plaintiff's motion for default judgment, as provided by E.D. Mo. Local Rule 4.01(B).

**IT IS FURTHER ORDERED** that in the event plaintiff does not file a motion for default judgment by October 20, 2008, his claims against defendant Cobbs will be dismissed with prejudice.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this _11th_ day of September, 2008.