UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LAWRENCE MARTIN EDWARDS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:06-CV-1 CAS |
| CHUCK DWYER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion for Default Judgment against defendant Tamara Cobbs in her individual capacity.[1] No response was filed to the motion. The Court previously notified plaintiff that it would consider this motion based on the affidavits, declarations or other materials submitted, and would not conduct an evidentiary hearing or take oral testimony. See Memorandum and Order of Sept. 11, 2008 (Doc. 257). For the following reasons, the motion will be granted.

**Background**.

On October 11, 2007, a Clerk's Entry of Default under Rule 55(a), Federal Rules of Civil Procedure, was entered against defendant Tamara Cobbs. (See Doc. 135). In the Amended Complaint, plaintiff alleges that Cobbs, a Correctional Officer at SECC, harassed him because he reported her friend, former defendant Green, to prison officials; called him a "snitch" in front of other offenders, and scratched him with her fingernails on two occasions. (See Amended Complaint, ¶¶ 53-54).

---

[1]Plaintiff's claims against defendant Cobbs in her official capacity, and for declaratory and injunctive relief, were dismissed by the Memorandum and Order of January 25, 2008. (Doc. 168)

**Legal Standard**.

Where the Clerk has entered default against a party, it has "no further standing to contest the factual allegations of plaintiff's claim for relief." Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988) (internal citation omitted). Where a default has been entered, the "defendant is deemed to have admitted all well pleaded allegations in the complaint." Taylor v. City of Ballwin, 859 F.2d 1330, 1333, n.7 (8th Cir. 1988) (internal punctuation and citation omitted).

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, 859 F.2d 1330, 1332 (8th Cir. 1988). Even when a defendant is technically in default and all of the requirements for a default judgment as satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2008). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993).

Prior to the entry of a discretionary default judgment, the Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of his claim. 10 Moore's Federal Practice, § 55.31[2]. Facts relating to the amount of damages must be proved by the party seeking default in a supplemental hearing or proceeding. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001).

**Discussion**.

    1. *Default Judgment*.

In support of the motion for default judgment plaintiff has submitted his affidavit, declarations from two other offenders, and various exhibits. In his affidavit, plaintiff avers that on June 6, 2005, Cobbs began to harass plaintiff because he had reported sexual misconduct by Cobbs' friend, former defendant Green, to correctional officials. Plaintiff avers that Cobbs called him a snitch in front of other offenders, especially offenders affiliated with the Gangster Disciples gang and offender Alonzo St. John, who also was having a sexual relationship with Green and with whom plaintiff had fought in March 2005. Plaintiff avers that Green also dug her long fingernails deeply into his underarm area and scratched him.

Plaintiff avers that on June 16, 2005, Cobbs again called him a snitch in the presence of other offenders in an attempt to cause the other offenders to become angry and violent toward him. Plaintiff also avers that Cobbs "inflicted numerous scratches on [his] chest area" which have "left permanent scarring." Edwards Aff. at 1. On June 23, 2005, plaintiff was seen by prison medical personnel regarding the scratches, and on June 30, 2005, caseworker Mitchem noted on a grievance form that plaintiff had several scratches on his shoulder and chest area. Plaintiff avers that in August 2005, he appeared before the Administrative Segregation Committee and explained that if he were released from administrative segregation he would be subject to a risk of serious physical injury by offender St. John and other Gangster Disciples offenders who were present when Cobbs called him a snitch. Plaintiff avers that since the time of Cobbs' actions, he fears for his life on a daily basis and has had to remained in protective custody, even following transfer to several other correctional

institutions.[2] Plaintiff avers that as a result of Cobbs' statements that he was a snitch, Gangster Disciples offenders have placed a "hit" on his life that has circulated throughout the Missouri Department of Corrections. Plaintiff avers that other offenders constantly threaten to kill and beat him, and call him derogatory names, and that he is "mentally and emotionally tortured daily" because of Cobbs' actions and bears scars on his body from her assaults. Edwards Aff. at 2. Plaintiff avers that he lives "in a constant state of anxiety, paranoia, fear, depression, humiliation, frustration, embarrassment, shame and stress" all stemming from Cobbs' actions. Id.

Plaintiff submits the Declaration of offender Matthew Savory, currently incarcerated at JCCC, which states in pertinent part that (1) he is aware of a murder plot on plaintiff's life; (2) several Gangster Disciples offenders have told about how plaintiff snitched on a correctional officer; (3) he has heard of threats on plaintiff's life at his current place of incarceration; (4) he hears plaintiff pacing the floor at night; (5) he believes plaintiff is "very depressed"; and (5) he has observed marks on plaintiff's chest.

Plaintiff also submits the Declaration of offender Andre Reynolds, currently incarcerated at JCCC, which states in pertinent part that whenever the doors are opened for meals, showers, or sick call, he hears other offenders shouting that they are going to kill plaintiff, that plaintiff is a snitch for telling on a guard, that "Tamara [Cobbs] told us what was up," and that plaintiff is a "dead motherfucka when [he hits] that [prison] yard."

There are two aspects to plaintiff's claims against Cobbs. First are the allegations that she physically harmed him by scratching him with her fingernails, leaving scars on his body. Second are

---

[2] Plaintiff is currently incarcerated at the Jefferson City Correctional Center ("JCCC").

the allegations that Cobbs endangered his life by calling him a snitch in front of other offenders. The Court will address these claims separately.

      a. Infliction of Scratches

In Whitley v. Albers, 475 U.S. 312 (1986), the Supreme Court defined cruel and unusual punishment in the context of prison security. "After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley, 475 U.S. at 319 (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)). What constitutes an "unnecessary and wanton infliction of pain . . . varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5-6 (1992) (citing Whitley, 475 U.S. at 320).

In the excessive force context, "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident." Hudson, 503 U.S. at 9 (internal citation omitted). Nonetheless, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 503 U.S. at 9 (internal quotation marks and citations omitted). See Wills v. Haines, 20 F. App'x 573, 574 (8th Cir. 2001) (allegation that prison nurse deliberately stabbed prisoner with a needle because she was angry with him was sufficient to allege an Eighth Amendment violation).

The Court finds that Cobbs' infliction of scratches on plaintiff's body, serious enough to leave permanent scarring, was done maliciously and sadistically for the purpose of causing pain and suffering, and constitutes the unnecessary and wanton infliction of pain in violation of the Eighth Amendment. The Court also finds that Cobbs' action was motivated by malicious intent. There is no basis from which the Court could conclude that the force was applied in a good faith effort to achieve a legitimate purpose. Plaintiff is therefore entitled to judgment against Cobbs on his Eighth Amendment claims arising from her infliction of scratches on his body.

b. Labeling Plaintiff as a Snitch

"Prison officials are bound by the Eighth Amendment to take reasonable measures to guarantee the safety of the inmates. Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. They also have a duty to protect inmates from unreasonable conditions that pose a substantial risk of serious harm. The Eighth Amendment prohibits the foreseeable and unnecessary risk of the gratuitous and wanton infliction of pain." Irving v. Dormire, 519 F.3d 441, 450 (8th Cir. 2008) (internal punctuation and citations omitted).

The Eighth Circuit has "recognized that an inmate who is considered to be a snitch is in danger of being assaulted or killed by other inmates." Id. In Irving, the Eighth Circuit held that a correctional officer who falsely labeled an inmate as a snitch unreasonably subjected the inmate to the threat of a substantial risk of serious harm at the hands of his fellow inmates, and was not entitled to qualified immunity. The Court stated, "After all, who better knows the opprobrium and consequent effect thereof that attaches to the label of snitch than those who work daily within the inmate population. Thus, we hold that a reasonable prison guard . . . would have known that to label [plaintiff] a snitch would violate his constitutional right to protection from harm." Id. at 451. See

6

also Hobbs v. Evans, 924 F.2d 774, 775 (8th Cir. 1991) (per curiam) (affirming judgment against prison guard who told other inmates that plaintiff was an informant).

The Court finds that Cobbs informed other offenders plaintiff was a snitch, and that by doing so she violated plaintiff's constitutional right to protection from harm. The Court also finds that Cobbs' action was motivated by malicious intent. Plaintiff is entitled to judgment against Cobbs on his Eighth Amendment claims arising from her conduct in telling other offenders that he was a snitch.

2. *Damages.*

The Court must now determine what damages plaintiff has established. In the motion for default judgment, plaintiff asks for compensatory damages of $60,000, mental and emotional damages of $40,000, and punitive damages of $200,000. Plaintiff filed a supplemental memorandum in support of his motion for default judgment in which he asks for compensatory, mental and emotion damages and punitive damages in the lump sum amount of $300,000. See Doc. 260.

  a. Infliction of Scratches

In an effort to obtain guidance on the issue of the appropriate amount of damages for Cobbs' actions in scratching plaintiff, the Court has considered damages awarded in cases in which a prisoner was subjected to excessive force by a correctional officer. The jury and damages awards vary widely in these cases, but some are more instructive than other because they involved relatively minor injures, requiring little or no medical attention. See Estate of Davis v. Delo, 115 F.3d 1388 (8th Cir. 1997) (affirming award of $10,000 actual damages and $5,000 punitive damages where the prisoner plaintiff was struck in the head and face 20 to 25 times by a guard, suffering serious injuries as a result); Freeman v. Franzen, 695 F.2d 485, 493-94 (7th Cir. 1982) (jury awarded inmate compensatory damages of $2,500 against one defendant and $250 each against two others; defendant

prison guards "repeatedly punched and kicked Freeman in the back, face, and testicles" and plaintiff's "entire body hurt" though there was no permanent injury; the Seventh Circuit described the modest awards as "certainly not excessive"); Jackson v. Austin, 241 F.Supp.2d 1313 (D. Kan. 2003) (awarding $15,000 in compensatory damages where corrections officer knocked plaintiff inmate to the floor, folded inmate's previously injured leg over his other leg, leaned his weight on it, and then applied handcuffs that were excessively tight, leaving inmate with a contusion on one cheek, swelling in his knee, and extreme pain in his knee, wrists and shoulders); Morrison v. Davis, 88 F.Supp.2d 799 (S.D. Ohio 2000) (discussing award of $12,000 in compensatory damages where prisoner was beaten by a corrections officer); Evans v. Hennessy, 934 F. Supp. 127 (D. Del. 1996) (awarding $75,000 in compensatory damages where corrections officer hit inmate twice on his face, causing inmate to trip over his personal belongings and aggravate a pre-existing back injury); Hynes v. LaBoy, 887 F. Supp. 618, 626-27 (S.D.N.Y. 1995) (upholding jury award of $1,250 of compensation for inmate who suffered two cuts and a black eye); Davis v. Moss, 841 F. Supp. 1193 (M.D. Ga.1994) (awarding $10,000 for pain and suffering only, where corrections officer shoved handcuffed inmate down a fire escape); Musgrove v. Broglin, 651 F. Supp. 769 (N.D. Ind. 1986) (awarding $12,000 in compensatory damages against a deliberately indifferent supervising corrections officer, for injury, pain, and suffering caused by attack in which another corrections officer overturned inmate's bed, knocking him onto the floor in such manner that his knees and elbows struck the tile floor); Williams v. Omodt, 640 F. Supp. 120 (D. Minn. 1986) (awarding compensatory damages of $5,000 where corrections officer hit and choked handcuffed inmate, causing bruising, contusions, swelling, and pain, but no permanent physical injury); Thomson v. Jones, 619 F. Supp. 745 (N.D. Ill. 1985) (awarding $25,000 compensation for hearing loss and other injuries, pain, and suffering caused by corrections

officers' conduct in dragging inmate by his handcuffs up and down several flights of stairs; pushing, hitting, punching, kicking, and choking him, and banging his head against a metal cart). See also Ascherman v. Catt, 2003 WL 1562213, **2, 7 (S.D. Ind. Feb. 26, 2003) (awarding inmate plaintiff $2,500 in actual damages where he was beaten by other inmates, resulting in brief unconsciousness, bleeding and bruises, after prison worker told other inmates plaintiff was a snitch); Edwards v. Kelly, 1990 WL 106851, *5 (S.D.N.Y. July 23, 1990) (awarding plaintiff who claimed he had been beaten by police officers in a late-night encounter $500, where the plaintiff was punched only once unlawfully, causing a cut lip and bruised jaw, with no permanent injuries and no visible injury just two days after the incident).

The physical injuries that Cobbs inflicted on plaintiff are less severe than those discussed in any of the cases listed above, but Cobbs did inflict pain on plaintiff and left him with scarring on his chest area. In none of the cases listed above did a court or jury award a prisoner damages in an amount as great as that sought by this plaintiff. As discussed above, the Court finds that Cobbs acted with a malicious intent in scratching plaintiff. Under these circumstances, the Court finds it is appropriate to award plaintiff $250.00 in actual damages and $250.00 in punitive damages as a result of Cobbs' violation of plaintiff's Eighth Amendment rights by scratching his body with her fingernails on two occasions.

  b. Labeling Plaintiff as a Snitch

To determine the appropriate amount of damages on this claim, the Court has looked to other cases in which prisoner plaintiffs obtained judgments on similar Eighth Amendment claims relating to prison guards identifying them as snitches. In Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992), the prison official, in an effort to incite violence against the plaintiff, told other prisoners

9

directly that the plaintiff was a snitch and the plaintiff was later severely beaten on two occasions by fellow inmates. Id. at 1525. Following remand, the district court entered a $5,000 judgment in favor of the plaintiff, which was affirmed on appeal. See Northington v. Marin, 102 F.3d 1564, 1567-68 (10th Cir. 1996).

In Valandingham v. Moen, 963 F.2d 381, 2001 WL 1022662, *1 (9th Cir. 1992) (Table; unpublished), the prison official told other prisoners directly that the plaintiff was a snitch. Subsequently, the plaintiff was assaulted twice by fellow prisoners as a result of the prison official's conduct. A jury awarded the plaintiff $1.00 in nominal damages and $4,000 in punitive damages, which was upheld on appeal.

In Hobbs v. Evans, 924 F.2d 774, 774 (8th Cir. 1991) (per curiam), the prison official told other prisoners directly that the plaintiff was an informant, and the plaintiff was later attacked by fellow prisoners on three occasions. The Eighth Circuit affirmed the district court's judgment in favor of the prisoner plaintiff. The district court had awarded the plaintiff $1.00 in damages and ordered certain injunctive relief. See Hobbs v. Evans, No. 5:86-CV-590 ETR (E.D. Ark. Dec. 7, 1989).

All of these cases are factually similar to the present case in that Cobbs directly told other prisoners plaintiff was a snitch, but are distinguishable on the basis that plaintiff was never attacked or injured by other prisoners. There is ample evidence, however, that as a result of Cobbs' malicious conduct plaintiff's life has been repeatedly threatened by other prisoners in multiple institutions in the Missouri Department of Corrections, and as a result he lives in fear and has been required to remain in administrative segregation since 2005. The Court believes these circumstances support an award of actual and punitive damages. See Benefield v. McDowall, 241 F.3d 1267, 1271-72 (10th Cir. 2001).

The Court finds it is appropriate to award plaintiff $250.00 in actual damages and $250.00 in punitive damages as a result of Cobbs' violation of plaintiff's Eighth Amendment rights by telling other prisoners that he was a snitch.

**Conclusion**.

For the foregoing reasons, plaintiff's motion for default judgment against defendant Cobbs should be granted. The Court will enter judgment in favor of plaintiff and against defendant Cobbs in the amount of $1,000.00, consisting of $500.00 in actual damages and $500.00 in punitive damages, as set forth herein.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment against defendant Tamara Cobbs is **GRANTED**. [Doc. 259]

An appropriate judgment will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   20th   day of October, 2008.