# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE MARTIN EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-1 CAS |
| | ) | |
| CHUCK DWYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed prisoner civil rights matter under 42 U.S.C. § 1983 is before the Court on two documents filed by plaintiff, a "Request for Garnishment Order" and a "Registration for Foreign Judgment/Affidavit." For the following reasons, the Court will deny the request for garnishment order without prejudice and take no action on the registration of foreign judgment.

Request for Garnishment Order

In this document, plaintiff requests that a garnishment order be issued on his judgment against defendant Tamara Cobbs' assets. Plaintiff's request must be denied without prejudice because it does not comply with applicable rules and does not indicate what assets he is attempting to garnish or who has possession of those assets.

Rule 69(a) of the Federal Rules of Civil Procedure provides that the procedure on execution of a federal judgment "shall be in accordance with the practice and procedure of the state in which the district court is held . . . except that any statute of the United States governs to the extent that it is applicable." Id. Post-judgment garnishment proceedings in this Court are therefore governed by Rule 90 of the Missouri Supreme Court Rules and Chapter 525 of the Revised Statutes of Missouri. "Garnishment is purely a creature of statute in derogation of the common law." State ex

rel. Eagle Bank & Trust Co. v. Corcoran, 659 S.W.2d 775, 777 (Mo. 1983) (en banc). "[S]trict compliance with all of the requirements" imposed by the applicable statutes and civil rules "is essential to confer and support jurisdiction in a garnishment proceeding." Id.

Plaintiff has not filed a written request for issuance of a writ of garnishment in compliance with Missouri Supreme Court Rule 90, because, among other things, he has not filed written interrogatories to a garnishee pursuant to Rule 90.07. In addition, the request for a writ of garnishment does not indicate the name of a garnishee, that plaintiff knows or has good reason to know the garnishee is indebted to defendant Cobbs, that the garnishee is obligated to make periodic payments to Cobbs, or that the garnishee has control or custody of property belonging to Cobbs, as required by Rule 90.02. If plaintiff is attempting to garnish defendant Cobbs' wages, his request must comply with the provisions of Rule 90.14 and 90.15 and, if applicable, Rule 90.16.

Plaintiff's request for garnishment order will therefore be denied without prejudice.

Registration for Foreign Judgment/Affidavit

The Court does not understand what plaintiff seeks with this document. If plaintiff is attempting to register the judgment he obtained in this Court against defendant Cobbs as a foreign judgment, such an action is improper here because the judgment was issued from this Court and is not a foreign judgment in this Court. If plaintiff is seeking to register the judgment as a foreign judgment in another court, he must file a motion with that court. If plaintiff is seeking to obtain a certified or exemplified copy of the Judgment against defendant Cobbs in order to register it in another Court, he may file a motion requesting such a copy.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Request for Garnishment Order" is **DENIED without prejudice**. [Doc. 285]

**IT IS FURTHER ORDERED** that the Court will take no action on plaintiff's "Registration for Foreign Judgment/Affidavit" for the reasons stated herein. [Docs. 284]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of March, 2010.