UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE MARTIN EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-1 CAS |
| | ) | |
| CHUCK DWYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This closed prisoner civil rights matter under 42 U.S.C. § 1983 is before the Court on plaintiff Lawrence Edwards' "Motion of Discovery [In-Camera] for SSN# of Tamara Cobbs."[1] The Missouri Attorney General's Office filed a response to the motion, which states in part that it did not accept a summons for Cobbs and has never represented Cobbs in this matter. For the following reasons, plaintiff's motion will be denied.

**Background**

The Motion for Discovery is plaintiff's most recent effort to collect a default judgment he obtained in this action against defendant Tamara Cobbs. On January 31, 2011, acting on a prior motion by plaintiff, the Court issued a writ of sequestration to the Sheriff of Cole County, Missouri, for execution on the Missouri Office of Administration. Plaintiff previously to the Court on several occasions that Cobbs is a current employee of the Southeast Correctional Center,[2] but it appears

---

[1]The Court again requests plaintiff to make every effort to print his documents in a manner so that they can be read and understood. It would be helpful if plaintiff could write using larger print.

[2]See, e.g., Doc. 292 ("Defendant is employed by the Southeast Correctional Center"); Doc. 294 ("Defendant Tamara Cobbs is employed by Southeast Correctional Center in Charleston,

from the current motion that Cobbs has not been employed at SECC since 2005. The Attorney General's Response also states that Cobbs is not an employee of the Missouri Department of Corrections.

On March 9, 2011, the Office of Administration sent plaintiff a letter informing him that it could not locate or determine if Cobbs was an employee of any state agency. See Ex. to Pl.'s Mot. of Discovery. On March 25, 2011, the Cole County Sheriff filed a Return to Court which indicated that no funds belonging to Cobbs had been identified. (Doc. 307).

**Plaintiff's Motion**

In the Motion for Discovery, plaintiff asks the Court to "subpoena the employment application which has the social security number of former correctional officer Tamara Cobbs and/or employment records from Office of Administration who was disbursing officer and issued paycheck to Tamara Cobbs . . . when she was employed between 2004-2005 with Southeast Correctional Center[.]" Mot. at 1. Later in the motion, plaintiff asks the Court to order former Assistant Missouri Attorney General Joshua N. Worthington or Missouri Attorney General Chris Koster to provide the Court, in camera, with "the social security number and employment application which contains Tamara Cobbs' records, license number and location, when she acted under color of state law while employed at SECC where she assaulted plaintiff." Mot. at 2. Plaintiff does not state why he seeks Cobbs' Social Security number.

In support of the motion, plaintiff states that the Office of Administration sent him a letter on March 9, 2011 stating it was unable to locate or determine if Cobbs was an employee of any state agency. Plaintiff notes that in August 2007, this Court (Judge Buckles then presiding) required

---

Missouri.").

2

counsel for the Missouri Department of Corrections to provide, in camera, the last known addresses of Cobbs and another defendant in order to allow the United States Marshal to serve these defendants, and that Cobbs was in fact served on August 22, 1997. See Docs. 126, 127.

**Discussion**

Plaintiff's motion will be denied because it seeks a remedy which is outside the applicable provisions of the Federal Rules of Civil Procedure and the Missouri Supreme Court Rules concerning the collection of judgments. Plaintiff's efforts to collect his default judgment must conform to these provisions.

Rule 69(a)(1) of the Federal Rules states that execution of federal judgments must follow the procedure of the state where the court is located, in this case Missouri, unless a federal statute governs:

> **Money Judgment; Applicable Procedure**. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution-- and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Rule 69(a)(1), Fed. R. Civ. P.

Rule 69(a)(2) authorizes post-judgment discovery under either the Federal Rules of Civil Procedure or applicable state procedures:

> **Obtaining Discovery**. In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person--including the judgment debtor--in the manner provided in these rules or by the procedure of the state where the court is located.

Rule 69(a)(2), Fed. R. Civ. P.

As relevant to post-judgment discovery concerning the collection of judgments, Rule 30, Fed. R. Civ. P., authorizes taking the deposition of any person, including a party, without leave of

court. Rule 31, Fed. R. Civ. P., authorizes taking the deposition of any person, including a party, upon written questions. Rule 33, Fed. R. Civ. P., authorizes the issuance of interrogatories to parties. Rule 34, Fed. R. Civ. P., authorizes serving a request for production of documents on a party. None of these rules authorize the relief plaintiff requests: the issuance of a court order or subpoena directed to a non-party to obtain information concerning the judgment debtor, or the issuance of a court order or subpoena directed to another party's counsel, requiring that counsel to obtain information from a non-party concerning the judgment debtor.

Missouri Supreme Court Rule 76.28 lists the state rules applicable to the collection of judgments. This rule states:

> In aid of the judgment or execution, the judgment creditor, . . . may obtain discovery as provided by Rules 57.01, 57.03, 57.04, 57.05, 57.06, 57.07, 57.09, 57.10, and 58.01 and may enforce discovery as authorized by Rule 61.01 or by an order treating as a contempt of court the failure to comply with the discovery request. However, the scope of post-judgment discovery shall be limited to matters, not privileged, that are relevant to the discovery of assets, including insurance, or income subject to execution or garnishment for the satisfaction of judgments.

Mo. S. Ct. Rule 76.28. In addition, Missouri Supreme Court Rule 76.27 provides for examination of the judgment debtor.[3] As with the Federal Rules, none of the listed Missouri rules authorize the form of discovery plaintiff seeks in the instant motion.

Although plaintiff does not state why he seeks Cobbs' Social Security number in camera, the Court assumes plaintiff plans to request the Court to issue another writ of sequestration to the Missouri Office of Administration. Writs of sequestration are only properly served on the paying

---

[3]Rule 90 of the Missouri Supreme Court Rules and its subsections establish procedures for garnishment and sequestration in connection with collection of judgments. Plaintiff's Motion for Discovery does not, however, attempt to invoke any of the procedures available under Rule 90 and its subsections.

or disbursing officer of a state or municipal employee, or employee of another political subdivision of the state. See Mo. S. Ct. Rule 90.16; § 525.310, Mo. Rev. Stat. The record shows that Cobbs is no longer employed by the Missouri Department of Corrections, and the Office of Administration has informed plaintiff it cannot determine that Cobbs is an employee of any state agency. Thus, Cobbs is not receiving a paycheck from the Office of Administration. As a result, the Court will not issue any additional writs of sequestration to the Missouri Office of Administration unless plaintiff first establishes that Cobbs is currently a state employee.

The fact that the Court ordered defendants' counsel to provide the last known address of defendant Cobbs in camera in 2007 does not offer any support for plaintiff's motion for discovery. Pursuant to Rule 4(c)(3), Fed. R. Civ. P., the Court was required to order the United States Marshal to serve summons and complaint on plaintiff's behalf, because plaintiff had been granted in forma pauperis status. In contrast, there is no requirement that a court assist any judgment creditor in the collection of a judgment, beyond applying the governing rules and procedures to motions and proceedings before it. Further, Rule 69 of the Federal Rules requires that a judgment creditor follow applicable federal and state rules and procedures in attempting to collect a judgment, and plaintiff's motion seeks a remedy beyond those rules and procedures.

**Conclusion**

For the foregoing reasons, the Court will deny plaintiff's "Motion of Discovery [In-Camera] for SSN# of Tamara Cobbs." Plaintiff may utilize the authorized methods of post-judgment discovery, as listed above, to obtain information to attempt to collect his judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion of Discovery [In-Camera] for SSN# of Tamara Cobbs" is **DENIED**.  [Doc. 309]

_/s/ Charles A. Shaw_  
**CHARLES A. SHAW**  
**UNITED STATES DISTRICT JUDGE**

Dated this  10th  day of May, 2011.