# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| LAWRENCE MARTIN EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-1 CAS |
| ) | |
| CHUCK DWYER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed prisoner civil rights matter under 42 U.S.C. § 1983 is before the Court on plaintiff's pro se Memorandum for Clerk, which is accompanied by two completed subpoenas duces tecum in a civil case pursuant to Rule 45(d)(1), Federal Rules of Civil Procedure. Plaintiff's Memorandum for Clerk and subpoenas were submitted in response to the Court's Memorandum and Order of June 23, 2011, which denied plaintiff's motion to compel. For the following reasons, the Court will not direct the U.S. Marshal to serve the subpoenas duces tecum submitted by plaintiff, but rather will direct the Clerk to send plaintiff a blank subpoena form, which plaintiff shall complete in accordance with the directions in this Order.

The two completed subpoenas duces tecum plaintiff submitted are directed to (1) Missouri Assistant Attorney General Karin A. Schute, and (2) George Lombardi, Director of the Missouri Department of Corrections. Plaintiff's accompanying Memorandum for Clerk states that he believes these individuals "have in their possession information relevant to judgment debtor Tamara Cobbs" and specifically seeks (1) Cobbs' employment application; (2) Cobbs' employment records; (3) "any and all documents related to Tamara Cobbs that can be used to locate her whereabouts, including but not limited to her marriage certificate;" and (4) Cobbs' driver's license number, Social Security

number, and "any documentation within its means to determine Ms. Cobbs' whereabouts in this action." Pl.'s Mem. for Clerk at 1.

The Memorandum and Order of June 23, 2011 stated in part,

> The Memorandum for Clerk must include the following information for each subpoena: (1) the name of the person or entity plaintiff seeks to serve; (2) the specific documents plaintiff seeks; (3) how the specified documents are relevant to plaintiff's efforts to collect his judgment from defendant Cobbs; and (4) why plaintiff believes the person or entity to be subpoenaed has possession of the documents.

Mem. and Order of June 23, 2011 at 5. The Order also stated that the subpoena forms submitted by plaintiff should be typewritten, if possible, or "otherwise must be legible or they will not be considered." Id. Finally, the Order stated that "the Court retains the discretion to refuse to issue Rule 45 subpoenas to nonparties if plaintiff does not provide the required information in the Memorandum for Clerk, or if the Court believes the requests are frivolous or otherwise improper." Id. at 6.

Plaintiff failed to comply with the Court's Order because he did not explain why he believes these two persons have the documents he seeks. The Court will assume that Mr. Lombardi, Director of the Missouri Department of Corrections, may have some of the documents plaintiff seeks, because defendant Cobbs used to be employed by the Department of Corrections.

The Court cannot make such an assumption with respect to Ms. Schute, an Assistant Attorney General who entered her appearance in this closed case in June 2011. As plaintiff is aware, the Missouri Attorney General's Office never entered an appearance on behalf of defendant Cobbs in this case, and never employed her. Plaintiff does not explain why he believes that Ms. Schute would have possession of Cobbs' employment application or records, her marriage license, Social Security number, or other specified information. In the exercise of its discretion, the Court will refuse plaintiff's request to have the U.S. Marshal serve a Rule 45 subpoena duces tecum on Ms.

Schute, because the request appears to be frivolous and an unreasonable or abusive use of the Court's process.

With respect to the subpoena duces tecum directed to Mr. Lombardi, the Court will require plaintiff to resubmit the subpoena in a more concise and readable manner. The Court previously directed the Clerk to send plaintiff four blank subpoena forms, to allow plaintiff to direct subpoenas to as many as four persons or entities. Instead, plaintiff used two subpoena forms for each subpoenaed person, and included irrelevant and immaterial information on both. Plaintiff should only use one subpoena form for each person or entity to be subpoenaed.

In preparing a new subpoena duces tecum directed to Mr. Lombardi, in the section of the subpoena form that states, "YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):" plaintiff should only list the documents or objects he seeks to obtain from Mr. Lombardi. Plaintiff should leave out all information about how he obtained the judgment against Cobbs, the amount of the judgment, the fact that Cobbs assaulted plaintiff, that plaintiff seeks to garnish Cobbs' wages, etc.

If plaintiff needs additional room to include information in this section of the subpoena form, he should attach a blank page to the subpoena form, write "see attached" on the subpoena form, and write the additional information on the attached blank page. If possible, plaintiff should type the subpoena form, or carefully hand write the information in a print size large enough to be easily read. The hand-written printing on the current subpoenas is too small to be easily read and is not clearly legible.

The Court will direct the Clerk to send plaintiff a blank subpoena form. Plaintiff may fill out the subpoena form as directed in this Order and return it to the Court along with a Memorandum

for Clerk requesting that the subpoena be served. Plaintiff should not sign the subpoena, as it will be signed by the Clerk after it is returned to and reviewed by the Court.

If plaintiff requests additional blank subpoena forms in the future, each such request must be accompanied by a Memorandum for Clerk that includes the following information for each requested subpoena: (1) the name of the person or entity plaintiff seeks to serve; (2) the specific documents plaintiff seeks; (3) how the specified documents are relevant to plaintiff's efforts to collect his judgment from defendant Cobbs; and (4) why plaintiff believes the person or entity to be subpoenaed has possession of the documents.

As stated in the Memorandum and Order of June 23, 2011,

> This information is required based on the Court's "discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings." Manning v. Lockhart, 623 F.2d 536, 539 (8th Cir. 1980) (per curiam). This power may be exercised to protect the resources of the Court and the U.S. Marshals Service, and to prevent harassment and undue expense of nonparties. See, e.g., Lloyd v. McKendree, 749 F.2d 705, 707 (11th Cir. 1985).
>
> "Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case." Stockdale v. Stockdale, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009); see Tuvalu v. Woodford, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006) ("[A] party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1)[.]"); Jackson v. Brinker, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (court may refuse indigent party's request to have U.S. Marshal serve Rule 45 subpoena duces tecum that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process[.]")

Mem. and Order of June 23, 2011 at 5-6.

Accordingly,

**IT IS HEREBY ORDERED** that the Court will not direct the U. S. Marshal to serve the subpoenas duces tecum submitted by plaintiff, because the subpoenas do not comply with the Court's Memorandum and Order of June 23, 2011, for the reasons stated herein.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send plaintiff one blank subpoena form, which plaintiff may fill out as required by this Memorandum and Order and return to the Court with a Memorandum for Clerk requesting that the subpoena be served by the U.S. Marshal.

**IT IS FURTHER ORDERED** that if plaintiff requests additional blank subpoena forms in the future, each such request must be accompanied by a Memorandum for Clerk that includes the following information for each requested subpoena: (1) the name of the person or entity plaintiff seeks to serve; (2) the specific documents plaintiff seeks; (3) how the specified documents are relevant to plaintiff's efforts to collect his judgment from defendant Cobbs; and (4) why plaintiff believes the person or entity to be subpoenaed has possession of the documents.

                                            **CHARLES A. SHAW**
                                            **UNITED STATES DISTRICT JUDGE**

Dated this  23rd   day of August, 2011.