# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE MARTIN EDWARDS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:06-CV-1 CAS |
| CHUCK DWYER, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed prisoner civil rights matter is before the Court on non-party George Lombardi's Response and Motion to Quash Plaintiff's Subpoena Directed to George Lombardi, Director of the Missouri Department of Corrections ("MDOC"). Plaintiff has not filed a response to the Motion to Quash and the time to do so has passed. For the following reasons, the Motion to Quash will be denied as moot and Mr. Lombardi will be ordered to file additional responsive information.

**Background**

On October 20, 2008, plaintiff obtained a default judgment in this action against defendant Tamara Cobbs in the amount of $1,000. Since that time, plaintiff has made several unsuccessful attempts to collect the judgment and to locate defendant Cobbs. In September 2011, plaintiff submitted a subpoena duces tecum pursuant to Rule 45, Federal Rules of Civil Procedure, for service on George Lombardi, Director of the MDOC. On September 12, 2011, the Clerk of the Court issued a subpoena duces tecum to be served on Mr. Lombardi, as directed by the Court in its Order of September 12, 2011.

The United States Marshal served the subpoena on October 4, 2011. The subpoena duces tecum required the production of the following documents by November 14, 2011: (1) Cobbs'

employment application; (2) Cobbs' employment records; (3) "any and all documents related to Tamara Cobbs that can be used to locate her whereabouts, including but not limited to her marriage certificate;" and (4) Cobbs' driver's license number, Social Security number, and "any documents to determine [her] whereabouts." Mr. Lombardi filed the instant motion to quash on November 14, 2011.

**Discussion**

Mr. Lombardi moves to quash the subpoena on the basis that the documents it seeks are privileged under Missouri law. Specifically, Mr. Lombardi asserts that Cobbs' employment application and employment records are "privileged, confidential, and shielded from disclosure by § 610.021, RSMo.," and that her driver's license number and social security number are similarly privileged from disclosure by the same statute. Mr. Lombardi does not cite any case law in support of his motion to quash. Mr. Lombardi also responds that he does not have physical possession or control of the requested documents because Cobbs left her employment with the MDOC in 2001 and her employment file was destroyed in 2008 or 2009, and that Cobbs' last known address was "already filed . . . under seal." Mot. to Quash at 2.

Rule 45(c)(3)(A)(iii) provides that on a timely motion, the court that issued a subpoena must quash or modify the subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Mr. Lombardi's motion was timely filed because it was filed within the time for response to the subpoena. The motion to quash and the privilege issues it raises are moot, however, based on Mr. Lombardi's response that he does not have the documents plaintiff seeks. The motion to quash should therefore be denied as moot.

The Court notes, however, that there appears to be a significant discrepancy between the allegations in the Amended Complaint and Mr. Lombardi's response. Plaintiff alleged that defendant Cobbs' actions against him occurred in June 2005, while he was incarcerated and Cobbs

was working as a Correctional Officer. See Amended Complaint, ¶¶ 53-54 (Doc. 83). In contrast, Mr. Lombardi states that Cobbs left her employment with the MDOC in 2001. At no time during the lengthy pendency of this case and briefing of various dispositive motions did any defendant assert that the time frames mentioned in plaintiff's pleadings were incorrect, or that defendant Cobbs was not in the MDOC's employ during those times.

While Mr. Lombardi's reference to 2001 may be merely a typographical error, because of the discrepancy, the Court has concerns as to whether the MDOC conducted a diligent search of its records for documents responsive to the Rule 45 subpoena. In light of this, the Court will require Mr. Lombardi to file either an affidavit or a declaration signed by him under penalty of perjury pursuant to 28 U.S.C. § 1746, to certify that the MDOC does not have any of the documents subpoenaed by plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that non-party George Lombardi's Motion to Quash Plaintiff's Subpoena is **DENIED as moot**. [Doc. 326]

**IT IS FURTHER ORDERED** that by **January 31, 2012**, non-party George Lombardi shall file either an affidavit or a declaration signed by him under penalty of perjury pursuant to 28 U.S.C. § 1746, to certify that the MDOC does not have any of the documents subpoenaed by plaintiff.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   10th   day of January, 2012.