# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| LAWRENCE MARTIN EDWARDS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:06-CV-1 CAS |
| CHUCK DWYER, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This closed prisoner civil rights matter under 42 U.S.C. § 1983 is before the Court on plaintiff's pro se Motion to Compel, filed February 6, 2012. The Missouri Attorney General's Office (the "AG's Office") filed a response opposing the motion. Plaintiff did not file a reply and the time to do so has passed, so the motion is ready for ruling. For the following reasons, plaintiff's motion to compel will be denied.

In the motion to compel, plaintiff disputes the accuracy of non-party the Missouri Department of Corrections' ("DOC") response to plaintiff's Rule 45 subpoena duces tecum, and asks the Court to fine the DOC's counsel the sum of $5,000, representing $1,000 per year for a claimed five years of delay in connection with this case. Plaintiff's motion to compel does not indicate the statute, rule or case law under which it was filed.

**Background**

The DOC timely filed its Response and Motion to Quash Plaintiff's Subpoena Directed to George Lombardi (the "Response") (Doc. 326) on November 14, 2011. The DOC's Response stated in part that defendant Tamara Cobbs left the DOC's employ in 2001 and that her employment file was destroyed in 2008 or 2009. Plaintiff did not file a reply or other opposition to the Response within the time to do so.

After the DOC's Response was filed, and before plaintiff filed the motion to compel, the Court ordered Mr. Lombardi to provide additional information concerning the DOC's search for records responsive to plaintiff's Rule 45 subpoena duces tecum. See Mem. and Order of Jan. 10, 2012 (Doc. 327). On January 31, 2012, Mr. Lombardi filed an Affidavit which states in pertinent part that the DOC (1) does not have possession of any of the documents subpoenaed by plaintiff for a Tamara Cobbs; and (2) discovered a former employee by the name of Tamoshanter D. Cobb, who worked at Southeast Corrections Center from 2003 to 2006.[1] (Doc. 329)

On March 12, 2012, Mr. Lombardi filed a Supplemental Response to Court's Order which states that the DOC located Tamoshanter D. Cobb's personnel file, and objects to producing portions of the file as privileged and confidential. The Supplemental Response further states that certain other documents from Cobb's personnel file were mailed to plaintiff on March 12, 2012.

**Discussion**

I.

Although titled as a motion to compel, the Court finds that plaintiff's motion is actually a motion for sanctions.[2] This is because it seeks to impose a monetary sanction on the DOC's counsel rather than seeking the production of documents pursuant to plaintiff's Rule 45 subpoena to Mr. Lombardi. See Rule 45(c)(2)(B)(i), Fed. R. Civ. P.

Plaintiff's motion for sanctions is without merit, because it does not explain why the DOC's counsel should be sanctioned $5,000 for the DOC's conduct in responding to plaintiff's subpoena.

---

[1] Stating the obvious, plaintiff did not sue a defendant named "Tamoshanter D. Cobb." This fact may explain some of the difficulty plaintiff has encountered in attempting to collect his default judgment against "Tamara Cobbs."

[2] "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Castro v. United States, 540 U.S. 786, 791-92 (2003).

2

It must be emphasized that plaintiff has a judgment against and requested documents related to a "Tamara Cobbs," which is apparently not the name of the former DOC employee who worked at Southeast Corrections Center. Also, the amount of the monetary sanction sought is unrelated to and out of proportion to the claimed misconduct. The motion borders on the frivolous and malicious and, frankly, wastes the Court's and counsel's time.

Further, even if the motion had merit, which it does not, it is moot because the DOC has located documents relating to Tamoshanter D. Cobb in response to plaintiff's subpoena request for documents related to "Tamara Cobbs," and has produced them in part.

II.

Finally, the Court has instructed plaintiff on numerous occasions that any motion he files relating to discovery or disclosure, such as a motion to compel, must comply with Local Rule 3.04(A) and Rule 37(a)(1), Fed. R. Civ. P. These rules require that a discovery or disclosure-related motion include a statement of a good-faith attempt to resolve the discovery dispute prior to the filing of the motion.[3] Plaintiff's motion to compel does not contain such a statement.

---

[3]Local Rule 3.04(A) states:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

The Court has advised plaintiff of this requirement in several orders, including but not limited to those dated February 11, 2008 (Doc. 181), April 17, 2008 (Doc. 209), June 25, 2008 (Doc. 236), and September 11, 2008 (Doc. 255), and June 23, 2011 (Doc. 318). The Court will not reiterate this requirement again.

Although plaintiff is incarcerated, he must correspond with opposing counsel with respect to any discovery or disclosure dispute prior to filing a motion to compel or other motion relating to discovery or disclosure. Plaintiff must then describe the nature of that correspondence in the discovery motion, as required by Local Rule 3.04(A). See Faretta v. California, 422 U.S. 806, 934-35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure). Because the instant motion does not include a statement of plaintiff's good-faith effort to resolve the dispute prior to filing the motion, it should also be denied on that basis. Any future discovery-related motion plaintiff files that does not contain such a statement will be summarily denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel, construed as a motion for sanctions, is **DENIED**. [Doc. 330]

**IT IS FURTHER ORDERED** that any future discovery-related motion filed by plaintiff that does not contain a statement of plaintiff's good-faith effort to resolve the dispute prior to filing the motion in compliance with Local Rule 3.04(A) will be summarily denied.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of March, 2012.