UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| LAWRENCE MARTIN EDWARDS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-1 CAS |
| | ) | |
| CHUCK DWYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed prisoner civil rights matter is before the Court on pro se plaintiff Lawrence Martin Edwards' "Motion to Order Court" which asks the Court (1) for examination of the judgment debtor "Tamoshanter Cobb," and (2) to issue a writ of execution directed to the "Missouri Department of Corrections and its 'insurer' or entity which pays out for/to correctional officers such as Tamoshanter Cobb." Plaintiff also requests two blank subpoenas for issuance to non-parties.

For the following reasons, plaintiff's motion will be denied in all respects without prejudice, and the Missouri Department of Corrections will be required to file certain information with the Court with respect to former employees Tamara Cobbs and Tamoshanter D. Cobb.

In order to make clear the issues that plaintiff's motion and the Court's review of the file have raised, it is necessary to set out a description of the factual and procedural background of this case.

**Factual and Procedural Background**

Plaintiff filed this action on January 3, 2006 under 42 U.S.C. § 1983, asserting claims against a number of MDOC employees at Southeast Correctional Center ("SECC"). The case was assigned to United States Magistrate Judge Frederick R. Buckles, who is now retired. Plaintiff was granted

leave to file an amended complaint on February 20, 2007 and ordered the Clerk to issue process thereon (Doc. 82).

The amended complaint added a number of defendants to the case, including Tamara Cobbs (Doc. 83). In the amended complaint, plaintiff alleged that on June 6, 2005, Cobbs approached his cell and began harassing him because he had reported conduct of Cobbs' friend, defendant Green. Plaintiff alleged that Cobbs called him a "snitch" in front of other offenders and told offenders in adjoining cells that he was a snitch, and scratched plaintiff's shoulder with her fingernails. (Doc. 83 at 11, ¶¶ 53). Plaintiff alleged that on June 16, 2005, Cobbs began harassing him, again calling him a "snitch" in the presence of other offenders, in an attempt to cause the other offenders to become angry and violent towards him, and inflicted numerous scratches on his underarm and chest area. (Id., ¶ 54.)

The Clerk sent a waiver of service letter concerning the new defendants to the Deputy Chief Counsel of the Missouri Attorney General's Office ("AG"). (Doc. 84.) On April 20, 2007, the AG waived service and entered an appearance for all of the new defendants except for Tamara Cobbs and Laura Vance, stating that Cobbs and Vance "have not been identified as current employees with the" MDOC. (Doc. 112.) The Clerk then sent a letter to plaintiff, stating that he must provide an address at which service could be made on Cobbs and Vance. (Doc. 115.) Plaintiff responded by providing the address of SECC. (Doc. 116.) Judge Buckles ordered the Clerk to prepare summons and deliver them to the U.S. Marshal for service on Cobbs and Vance. (Doc. 117.) The summons were returned unexecuted; the one for Cobbs stated, "Per [] Personnel Clerk, Cobbs is no longer employed by the D.O.C." (Doc. 120.)

Judge Buckles then ordered counsel for the MDOC defendants to provide to the Court, *in camera* and under seal, the last known address of Cobbs and Vance. (Doc. 124.) On June 29, 2007,

MDOC's counsel filed a Notice of Filing Document Under Seal (Doc. 125), which stated that counsel certified he would submit the last known addresses of Cobbs and Vance to the Court *in camera* and under seal. (Doc. 125.) Because the addresses were provided *in camera*, the information was provided to Judge Buckles in chambers and maintained there, and was likely shredded with Judge Buckles' work files when he retired in November 2013. It is certain that the addresses for Cobbs and Vance that MDOC counsel provided to the Court were never made part of the Court file.

On July 5, 2007, summons were reissued to Cobbs and Vance. On August 22, 2007, the U.S. Marshal filed a return of service which states that Tamara Cobbs was personally served on August 8, 2007, at an address which was "under seal." (Doc. 127.) The undersigned does not know where Cobbs was served.

On September 26, 2007, Judge Buckles issued an Order that recited the procedural history of the case and stated that defendants Cobbs and Vance had been served with process but neither had answered or otherwise appeared in the case, and that other defendants had filed motions to dismiss. The Order stated that a magistrate judge cannot proceed to determine dispositive matters unless and until all parties to a case have entered and consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c), and because Cobbs and Vance had been served but failed to appear, Judge Buckles could not obtain the full consent required to proceed in the case. The Order directed the Clerk to randomly reassign the case to a district judge for all further proceedings. (Doc. 130.) The case was randomly reassigned to the undersigned.

Plaintiff's motion for clerk's entry of default against Cobbs and Vance was granted on October 11, 2007 (Doc. 135). On January 25, 2008, the undersigned denied without prejudice

3

plaintiff's motion for a default judgment against Cobbs and Vance. (Doc. 170.)[1] On July 28, 2008, the undersigned denied without prejudice plaintiff's second motion for default judgment against defendant Cobbs. (Doc. 248.)

On September 11, 2008, the Court granted the remaining defendants' motion for summary judgment, leaving only defaulting defendant Cobbs in the case. (Doc. 255.) The Court ordered plaintiff to file a motion for default judgment against Cobbs. (Doc. 257.) On October 20, 2008, the Court granted plaintiff's motion for default judgment against Cobbs and entered judgment in plaintiff's favor in the total amount of $1,000, consisting of $500 actual and $500 punitive damages, and the case was closed.

Plaintiff subsequently attempted to collect the default judgment against Cobbs, including by filing multiple motions for garnishment and writs of sequestration, but these attempts were unsuccessful. The Court denied plaintiff's motion to obtain Cobbs' Social Security number from the AG. (See Mem. and Order of May 10, 2011 (Doc. 313)). The Court denied plaintiff's motion to compel the "defendants" to produce certain information concerning Cobbs, including her employment application, employment record, marriage certificate, driver's license number, and Social Security number. (Mem. and Order of June 23, 2011, at 1-4 (Doc. 318)). The Court also directed the Clerk to send plaintiff blank subpoena forms for use under Rule 45, Fed. R. Civ. P. (Id. at 5-6.)

---

[1]On July 2, 2008, the AG entered an appearance on behalf of defendant Laura Doyle, identified in plaintiff's complaint as Laura Vance, and moved to set aside the Clerk's Entry of Default for lack of personal jurisdiction (Doc. 240). The Court set aside the Clerk's Entry of Default on the basis that Doyle/Vance had not been properly served with summons and complaint, and as a result the Court lacked personal jurisdiction over her. (Mem. and Order of Sept. 11, 2008, at 4-5 (Doc. 252)).

Plaintiff submitted a Rule 45 subpoena directed to non-party George Lombardi, then the Director of the MDOC, seeking documents related to Cobbs' employment with the MDOC and information that could be used to located her whereabouts. (Doc. 323.) The subpoena was served by the U.S. Marshal and Mr. Lombardi moved to quash it on privilege grounds. (Doc. 326.) The Court denied the motion to quash as moot based on Mr. Lombardi's representation that he did not have the documents sought, but because of certain statements made in Mr. Lombardi's motion to quash, ordered him to provide additional information.

Specifically, the Court noted that there was a significant discrepancy between the allegations in the Amended Complaint – that the actions of defendant Tamara Cobbs took place in June 2005 at SECC where she was working as a correctional officer[2] – and Mr. Lombardi's statement that "Ms. Cobbs left her employment with the Missouri Department of Corrections in 2001 and her employment file was destroyed in 2008 or 2009," and that the MDOC "has already filed the last know address of Ms. Cobbs under seal." (See Doc. 326 at 2; Doc. 327 at 2-3.)

At the time, the Court noted that "[a]t no time during the lengthy pendency of this case and briefing of various dispositive motions did any defendant assert that the time frames mentioned in plaintiff's pleadings were incorrect, or that defendant Cobbs was not in the MDOC's employ during those times." (Mem. and Order of Jan. 10, 2012 at 2-3 (Doc. 327)). The Court further stated, "While Mr. Lombardi's reference to 2001 may be merely a typographical error, because of the discrepancy, the Court has concerns as to whether the MDOC conducted a diligent search of its records for documents responsive to the Rule 45 subpoena. In light of this, the Court will require Mr. Lombardi to file either an affidavit or a declaration signed by him under penalty of perjury

---

[2] See Amended Complaint, ¶¶ 53-54 (Doc. 83).

5

pursuant to 28 U.S.C. § 1746, to certify that the MDOC does not have any of the documents subpoenaed by plaintiff."

Mr. Lombardi subsequently filed an affidavit that stated in pertinent part:

> In response to the Court's January 10, 2012 order, MDOC initiated an extensive search of a variety of MDOC records. The Department did discovery a former employee by the name of Tamoshanter D. Cobb, who worked at Southeast Corrections Center ("SECC") from 2003 to 2006. I have directed MDOC to locate the personnel file for Tamoshanter Cobb.

Lombardi Aff. at 2, ¶ 6 (Doc. 329).

Mr. Lombardi then filed a supplemental response to the Order of January 10, 2012, which objected to producing the personnel file of former MDOC employee Tamoshanter D. Cobb and stated in pertinent part:

> 10. On June 29, 2007, MDOC provided the Court with the last know address for **Tamoshanter Cobb**, *in camera* and under seal. Doc. 125.
>
> 11. The address filed under seal in June of 2007 is still the last known address for **Tamoshanter Cobb** within MDOC's files and records.
>
> 12. In January 2012, Director Lombardi directed an additional search for information about Tamoshanter Cobb within the State of Missouri Office of Administration. This search revealed that Tamoshanter Cobb returned to state service with a different agency in 2008, for a five month period. The Division of Personnel within the State of Missouri Office of Administrative has a more recent last known address for Tamoshanter Cobb than that within MDOC's records. The address last known to the State of Missouri Office of Administration for defendant Tamoshanter Cobb is filed contemporaneously with the Court *in camera* and under seal.

Lombardi Supplemental Response at 4 (Doc. 333) (bold and underlined emphasis added). The address provided to the Court *in camera* as the last known address of Tamoshanter D. Cobb was in the State of Mississippi.

Plaintiff subsequently filed a motion for writ of sequestration to be served on judgment debtor Tamara Cobbs, under the name of "Tamoshanter Nichols-Cobb" at her home address in

6

Mississippi. (Doc. 337.) The Court denied the motion, stating in part that in order to collect the default judgment from an individual who lives in Mississippi, plaintiff must register the judgment in the appropriate federal court in that state and attempt to collect the judgment there. Mem. and Order of May 21, 2012 at 1-2 (Doc. 338). The Court directed plaintiff not to file any further motions, writs, requests for subpoenas or other documents in the Eastern District of Missouri to attempt to collect the judgment from the judgment debtor in Mississippi, or any other state except Missouri. Id. at 2.

Plaintiff did not file any further motions or documents in this case until the instant "Motion to Order Court" was filed on October 19, 2016. No response was filed to plaintiff's motion.

**Discussion**

In reviewing plaintiff's motion and the record of this matter, it occurred to the Court for the first time that it appears possible there may be two different former MDOC employees whose addresses were produced: Tamara Cobbs, who left the MDOC in 2001, and Tamoshanter D. Cobb, who worked at SECC during the relevant times alleged in plaintiff's complaint.

It is undisputed that plaintiff named Tamara Cobbs as a defendant in this case, not Tamoshanter D. Cobb, and the latter is the person MDOC states worked at SECC from 2003 to 2006. It is not certain whose address the MDOC provided to the Court in late June 2007, and it is also not certain who was served with summons and complaint in this case on August 8, 2007.

If, as hypothesized above, there are two different people involved and the summons and complaint were served on Tamara Cobbs, who did not work at SECC in June 2005, then plaintiff

does not have a judgment he can attempt to collect from Tamoshanter Cobb because she was never served with summons and complaint and was not a party defendant in this case.[3]

To clarify the facts, the MDOC will be ordered to respond to this Order and provide information sufficient to answer three questions: (1) Were there two different persons employed by the MDOC, one named Tamara Cobbs (or similar) who left the MDOC's employment in 2001, and one named Tamoshanter D. Cobb who worked at SECC in 2005; (2) what address did the MDOC provide to the Court *in camera* and under seal in June 2007 as the address of Tamara Cobbs; and (3) was the address provided to the Court in late June 2007 the last known address of Tamara Cobbs, or Tamoshanter D. Cobb?

The Court has "discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings." Manning v. Lockhart, 623 F.2d 536, 539 (8th Cir. 1980) (per curiam). This power may be exercised to protect the resources of the Court and the U.S. Marshals Service, and to prevent harassment and undue expense of nonparties. See, e.g., Lloyd v. McKendree, 749 F.2d 705, 707 (11th Cir. 1985). "Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case." Stockdale v. Stockdale, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009).

For the reasons discussed above, it appears clear that plaintiff misnamed the defendant he identified as "Tamara Cobbs," but the Court is not certain that the person who was served with summons and complaint on August 8, 2007 is the same person who was working at SECC in June

---

[3]The Court offers no opinion as to whether plaintiff's default judgment is valid if summons and complaint were served on Tamoshanter D. Cobb, sued as "Tamara Cobbs."

2005 when the events alleged in the complaint occurred. As a result, the Court in the exercise of its discretion will deny plaintiff's motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to Order Court" is **DENIED without prejudice**. [Doc. 341]

**IT IS FURTHER ORDERED** that by **February 23, 2017**, the Missouri Department of Corrections shall file a Response to this Order, supported by an affidavit or declaration signed under penalty of perjury by an appropriate MDOC official, which shall provide information sufficient to answer the following questions:

(1) Were there two different persons employed by the MDOC, one named Tamara Cobbs (or similar) who left the MDOC's employment in 2001, and one named Tamoshanter D. Cobb who worked at SECC in 2005;

(2) what address did the MDOC provide to the Court *in camera* and under seal in late June 2007 as the address of Tamara Cobbs (if possible, the MDOC shall submit a copy of the actual filing that was made *in camera* and under seal in June 2007 as an exhibit to the Response); and

(3) was the address the MDOC provided to the Court in late June 2007 the last known address of Tamara Cobbs, or Tamoshanter D. Cobb.

**IT IS FURTHER ORDERED** that the Missouri Department of Corrections shall file its Response with the address information required by subparagraph (2) above redacted; and shall file an unredacted copy under seal using the civil filing event "Sealed Document."

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of January, 2017.