# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE MARTIN EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-1 CAS |
| | ) | |
| CHUCK DWYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed prisoner civil rights matter is before the Court on review of the Missouri Department of Corrections' ("MDOC") Response to the Court's Order of January 26, 2017. The Court will not repeat the factual and procedural background of this matter, which was set forth in detail in the Order and is incorporated herein by this reference. The Order of January 26, 2017 directed the MDOC to "file a Response supported by an affidavit or declaration signed under penalty of perjury by an appropriate MDOC official, which shall provide information sufficient to answer the following questions:"

> (1) Were there two different persons employed by the MDOC, one named Tamara Cobbs (or similar) who left the MDOC's employment in 2001, and one named Tamoshanter D. Cobb who worked at [Southeast Correctional Center] in 2005;

> (2) what address did the MDOC provide to the Court *in camera* and under seal in late June 2007 as the address of Tamara Cobbs (if possible, the MDOC shall submit a copy of the actual filing that was made *in camera* and under seal in June 2007 as an exhibit to the Response); and

> (3) was the address the MDOC provided to the Court in late June 2007 the last known address of Tamara Cobbs, or Tamoshanter D. Cobb.

Order of January 26, 2017 at 9 (Doc. 342).

In response, the MDOC filed the Affidavit of Matthew Briesacher, MDOC's current Director of Human Resources. The Briesacher Affidavit states in pertinent part:

> 3. My search of Department records has not revealed that the Department has ever employed a person named Tamara Cobbs or any other person with a similar name.
>
> 4. The Department has had an employee named Tamoshanter D. Cobb who worked for the Department from 11/17/2003 until 5/16/2006.
>
> 5. The last known address for Tamoshanter D. Cobb in any record the Department has access to is [REDACTED]. This information was obtained from the Office of Administration.
>
> 6. I am without personal knowledge as to what address the Department provided to the Court under seal in June 2007, however, documentation provided to me by the Missouri Attorney General's Office indicates that the Department provided the address [REDACTED], to the Court under seal. (Ex. A).

Briesacher Aff. at 2-3 (Doc. 348-1).

Exhibit A to the Briesacher Affidavit is a Notice of Filing Document Under Seal (Doc. 125), which bears an Electronic Case Filing header indicating it was filed in this case on June 29, 2007 as Document 125. The Notice of Filing Document Under Seal does not include the last known address for named defendant Tamara Cobbs, but states that the address will be filed separately *in camera* and under seal. Attached to Briesacher Affidavit Exhibit A is a document titled "Address Filed Under Seal," which does not include an Electronic Case Filing header. A review of the Court record, however, establishes that this document was filed under seal on March 12, 2012 as Document 335 by nonparty George Lombardi in response to the undersigned's Order of January 10, 2012 (Doc. 327), not in June 2007 in response to Judge Buckles' Order of June 26, 2007 that directed the MDOC to provide the Court with named defendant Tamara Cobbs' last known address.

2

It is important to recognize that paragraph 6 of the Briesacher Affidavit refers to a document filed in 2012 to purportedly establish the address that was submitted to the Court in June 2007 for service of summons and complaint on named defendant Tamara Cobbs. For the reasons discussed below, paragraph 6 of the Briesacher Affidavit appears to be factually incorrect. Further, paragraph 3 of the Briesacher Affidavit is contrary to the MDOC's representation to the Court in the Nonparty's Response and Motion to Quash Plaintiff's Subpoena Directed to George Lombardi (Doc. 326) filed in November 2011, which stated in pertinent part that there was an MDOC employee named Tamara Cobbs who "left her employment with the Missouri Department of Corrections in 2001 and her employment file was destroyed in 2008 or 2009." (Doc. 326 at 2, ¶ 6.)[1]

The Court notes that the MDOC did not disclose the existence of a former employee named Tamoshanter D. Cobb until January 31, 2012, through the Affidavit of George Lombardi (Doc. 329). This disclosure occurred only after the Court stated in the Order of January 10, 2012 that the allegations of plaintiff's Complaint referred to events occurring in 2005, years after named defendant Tamara Cobbs had left the MDOC's employ, and the Court had ordered a further, verified response from the MDOC.

The Lombardi Affidavit filed in response to the Order of January 10, 2012 stated in pertinent part:

> In response to the Court's January 10, 2012 order, MDOC initiated an extensive search of a variety of MDOC records. The Department did discover a former

---

[1] The Missouri Department of Corrections, and its legal counsel the Missouri Attorney General's Office, are advised they must take steps to insure that the representations they make to the Court are (1) accurate, and (2) consistent. The Court is frankly shocked that neither the Department of Corrections' Response to Court Order (Doc. 348) nor the Briesacher Affidavit (Doc. 348-1) acknowledge or refer to the prior and sometimes inconsistent representations made by MDOC to the Court on these subjects.

3

employee by the name of Tamoshanter D. Cobb, who worked at Southeast Corrections Center ("SECC") from 2003 to 2006.

Lombardi Aff. at 2, ¶¶ 5, 6 (Doc. 329-1). Mr. Lombardi subsequently filed a supplemental response that stated in pertinent part:

> 10. On June 29, 2007, MDOC provided the Court with the last known address for <u>Tamoshanter Cobb</u>, *in camera* and under seal. Doc. 125.
>
> 11. The address filed under seal in June of 2007 is still the last known address for Tamoshanter Cobb <u>within MDOC's files and records</u>.
>
> 12. In January 2012, Director Lombardi directed an additional search for information about Tamoshanter Cobb within the State of Missouri Office of Administration. This search revealed that Tamoshanter Cobb returned to state service with a different agency in 2008, for a five month period. <u>The Division of Personnel within the State of Missouri Office of Administrative [sic] **has a more recent last known address for Tamoshanter Cobb than that within MDOC's records**</u>. The address last known to the State of Missouri Office of Administration for defendant Tamoshanter Cobb is filed contemporaneously with the Court *in camera* and under seal.

Lombardi Supplemental Response at 4 (Doc. 333) (bold and underline emphases added).

The Lombardi Supplemental Response did not include the address from the MDOC's "files and records" that was provided to the Court in June 2007, but it claims that the address was for Tamoshanter D. Cobb. (Doc. 333, ¶ 10.) The Supplemental Response did not clarify whether the last known address for Tamoshanter D. Cobb allegedly provided to the Court in 2007, as stated in paragraph 10, was actually the address for Tamoshanter D. Cobb or if it was instead the address for named defendant Tamara Cobbs.

The Court questions whether and why the MDOC would have provided the Court with the last known address of Tamoshanter D. Cobb in June 2007, given that (1) Tamara Cobbs was the named defendant, (2) Tamoshanter D. Cobb was not named as a defendant, and (3) the MDOC did not disclose Tamoshanter D. Cobb's name or existence until January 2012, years after default

judgment was entered in this case against named defendant Tamara Cobbs and all other defendants had been dismissed.

Based on paragraph 12 of the Lombardi Supplemental Response (Doc. 333), the Court finds that the address provided to the Court by the MDOC and the Missouri Attorney General's Office for service on defendant Tamara Cobbs in June 2007 must be <u>different</u> than the address it filed with the Court under seal on March 12, 2012 as Document 335. Therefore, the Court further finds that the address filed with the Court under seal on March 12, 2012 as Document 335 is <u>not</u> the address at which service of summons and complaint occurred on named defendant Tamara Cobbs in 2007.

As a result of the foregoing, the MDOC's Briesacher Affidavit does not resolve the Court's questions:

> (1) Were there two different persons employed by the MDOC, one named Tamara Cobbs (or similar) who left the MDOC's employment in 2001, and one named Tamoshanter D. Cobb who worked at [Southeast Correctional Center] in 2005;
>
> (2) what address did the MDOC provide to the Court *in camera* and under seal in late June 2007 as the address of Tamara Cobbs (if possible, the MDOC shall submit a copy of the actual filing that was made *in camera* and under seal in June 2007 as an exhibit to the Response); and
>
> (3) was the address the MDOC provided to the Court in late June 2007 the last known address of Tamara Cobbs, or Tamoshanter D. Cobb.

Order at 9 (Doc. 342).

The Lombardi Affidavit indicates that the answer to the first question may be "yes." The second and third questions remain unanswered. The answers to these questions are crucial to the validity of the default judgment plaintiff seeks to collect, and therefore further investigation is required.

The Court will order the Missouri Department of Corrections and the Missouri Attorney General's Office to search their files and records, including archives and litigation files, and to make inquiry with the State of Missouri Office of Administration or other appropriate resource, to obtain the Social Security number(s) of former State employees Tamara Cobbs and Tamoshanter D. Cobb, as well as any other individually identifying information available for Tamara Cobbs and Tamoshanter D. Cobb, such as employee numbers, and file this information with the Court.

The Missouri Attorney General's Office will also be ordered to search its files and records, including archives and litigation files, to determine what address it provided to the Court *in camera* and under seal in June 2007 as the address of named defendant Tamara Cobbs.

The responses to this Order shall be verified by an appropriate individual, and shall describe the steps that were taken to comply with it.

Accordingly,

**IT IS HEREBY ORDERED** that the Missouri Department of Corrections and the Missouri Attorney General's Office shall search their files and records, including any archives or litigation files, and inquire if need be of the State of Missouri Office of Administration or other appropriate resource, to obtain the Social Security numbers and any other personally identifying information, such as employee numbers, of named defendant Tamara Cobbs and Tamoshanter D. Cobb.

**IT IS FURTHER ORDERED** that the Missouri Attorney General's Office shall search its files and records, including any archives or litigation files, to determine what address it provided to the Court *in camera* and under seal in June 2007 as the address of named defendant Tamara Cobbs.

**IT IS FURTHER ORDERED** that the Missouri Department of Corrections and the Missouri Attorney General's Office shall redact from their responses to this Order address

information and any personal data identifiers, as required by Federal Rule of Civil Procedure 5.1, and shall also file <u>unredacted</u> versions under seal.

**IT IS FURTHER ORDERED** that the Missouri Department of Corrections and the Missouri Attorney General's Office's responses to this Order shall be verified by an appropriate individual and shall describe the steps that were taken to comply with it.

**IT IS FURTHER ORDERED** that the Missouri Department of Corrections and the Missouri Attorney General's Office shall file their responses to this Order by **April 24, 2017**.

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of March, 2017.