UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LAWRENCE MARTIN EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-1 CAS |
| ) | |
| CHUCK DWYER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This closed prisoner civil rights matter is before the Court on pro se plaintiff Lawrence Martin Edwards' "Plaintiff's Request for Court Order That Missouri Attorney General's Office & Department of Corrections Be Required to Pay Him From Their Legal Expense Fund" (Doc. 356), and "Memorandum in Support For Accurate Information, Identification of Tamoshanter Nicols-Cobb a.k.a. Tamara Cobbs & Motion For Reopening of Complaint" (Doc. 344). The Court ordered non-parties the Missouri Attorney General's Office ("AG's Office") and Missouri Department of Corrections ("MDOC") to respond to these motions and they are now fully briefed.

For the following reasons, plaintiff's motion to order the AG's Office and MDOC to pay plaintiff's default judgment from the Legal Expense Fund will be denied. Plaintiff's motion to reopen his complaint and for other relief will be denied.

**I. Background**

The factual and procedural background of this action was set out in detail in the Memorandum and Order of January 26, 2017 (Doc. 342 at 1-7) (the "Order"), and that discussion is incorporated herein by reference. The Order was issued after plaintiff filed a motion seeking a debtor's examination of Tamoshanter Cobb, and to issue a writ of execution to non-party the MDOC

and/or its insurer, in a further effort to collect the default judgment plaintiff obtained in 2008 against defendant Tamara Cobbs.

As explained in the Order, the Court on its own review of the file became concerned that there may have been two different former MDOC employees: Tamara Cobbs, the defendant named in plaintiff's complaint, and Tamoshanter D. Cobb, who worked at Southeast Correctional Center ("SECC") at the time of the events alleged in plaintiff's Amended Complaint. The Court stated its concern that if Tamara Cobbs and Tamoshanter D. Cobb were two different people, it was unsure which one was the "Tamara Cobbs" who was served with summons and complaint by the U.S. Marshal's Service in August 2007. Order at 7-8.

To resolve its concern, the Court ordered the MDOC to provide information to answer three questions: (1) Were there two different persons employed by the MDOC, one named Tamara Cobbs who left the MDOC's employment in 2001, and one named Tamoshanter D. Cobb who worked at SECC in 2005; (2) what address did the MDOC provide to the Court *in camera* and under seal in June 2007 as the address of named defendant Tamara Cobbs; and (3) was the address provided to the Court in late June 2007 the last known address of Tamara Cobbs, or Tamoshanter D. Cobb?

## II. Clarification of the Record

In response to the Order and the subsequent Memorandum and Order of March 23, 2017 (Doc. 349), the MDOC filed affidavits of Assistant Attorney General Deborah Bell Yates, MDOC Legal Counsel Jay Boresi, and MDOC Human Resources Director Matthew Briesacher, that sought to answer the Court's questions and described the steps each affiant undertook.

Most significantly, a document bearing the caption of this case and titled "Addresses Filed Under Seal" was filed as Exhibit 1 to Ms. Bell Yates' Affidavit. (Doc. 351, Ex. 1.) Ms. Bell Yates averred that in response to the Court's orders, she requested the AG's Office entire archived closed

litigation file of this case, and stated that Exhibit 1 "is the document we believe was submitted to the Court under seal pursuant to the Court's order of June 26, 2007. This document lists the last known address for 'Tamoshanter Cobbs' at that time. No signed copy of this exhibit can be located." Bell Yates Aff. at 2, ¶¶ 3, 7, Ex. 1 (Doc. 351).[1]

Exhibit 1, the document titled "Addresses Filed Under Seal" states in full:

> Pursuant to this Court's order of June 26, 2007 [Doc. 124], counsel for the Missouri Department of Corrections hereby submits, *in camera* and under seal, the last addresses known to the Missouri Department of Corrections for Defendants Laura Vance and Tamoshanter Cobbs [sic] (identified in plaintiff's complaint as "Tamara Cobbs"), former Missouri Department of Corrections employees:
>
> <u>Laura Vance</u>:               [redacted], Argyle, TX 76226
>
> <u>Tamoshanter Cobbs</u> [sic]:   [redacted], Sikeston, MO 63801

Exhibit 1 bears a signature block for then-Missouri Attorney General Jeremiah W. (Jay) Nixon, by then-Assistant Missouri Attorney General Joshua N. Worthington, but the document is not signed.

The Court accepts that Exhibit 1 is a copy of the document filed by the MDOC in June 2007 in response to Judge Buckles' order. Exhibit 1 answers the Court's second and third questions listed above. Specifically, Exhibit 1 establishes the Sikeston, Missouri address that the MDOC provided to the Court in July 2007 as the address of named defendant Tamara Cobbs, which the Court in turn provided to the U.S. Marshal for service. Second, Exhibit 1 establishes that the MDOC knew in June 2007, and informed the Court, that defendant Tamara Cobbs' name was actually Tamoshanter

---

[1] As stated in the Order, the Court file does not include a filing by the MDOC containing the last known addresses of defendants Cobbs and Vance, but it is known that such a document was submitted to the Court. The undersigned believes that U.S. Magistrate Judge Frederick R. Buckles, who was presiding over this case at that time, retained the document *in camera* and under seal in his chambers and it was later discarded upon Judge Buckles' retirement. Doc. 342 at 2-3.

D. Cobb and plaintiff had misnamed her in the Amended Complaint.² Thus, it is clear the MDOC knew plaintiff intended to sue Tamoshanter D. Cobb and provided the Court with last known address information of Tamoshanter D. Cobb.

Consequently, the Court finds that the address the MDOC provided in June 2007 for service on defendant Tamara Cobbs was in fact the last known address of Tamoshanter D. Cobb, sued as Tamara Cobbs.³ As a result, the Court also finds that Tamoshanter D. Cobb was the person actually served with summons and complaint in this action, although she was sued as Tamara Cobbs. The Court's previously expressed concern as to whether the wrong person might have been served with summons and complaint was unfounded, and is now resolved.⁴ The Court now turns to plaintiff's pending motions.

---

²Because the MDOC's "Addresses Filed Under Seal" document was not made part of the Court record, the undersigned did not know until Ms. Bell Yates filed her Affidavit that the MDOC informed the Court in June 2007 that defendant Tamara Cobbs was misnamed in plaintiff's Amended Complaint.

³Plaintiff has stated that Tamoshanter D. Cobb was from Sikeston, Missouri. See, e.g., Affidavit of Lawrence Edwards (Doc. 357 at 1-2); Mem. Supp. for Accurate Information, Identification of Tamoshanter Nicols-Cobb a.k.a. Tamara Cobbs (Doc. 344 at 1).

⁴The Court's first question, whether a person named Tamara Cobbs once worked for the MDOC as stated by former MDOC Director George Lombardi in 2012 (see Doc. 326 at 2; Doc. 327 at 2-3; Doc. 361 at 5-6), has not been conclusively answered. The question and its answer are now immaterial, however, because the Court finds that (1) the MDOC provided the address of Tamoshanter D. Cobb for service of plaintiff's Amended Complaint in June 2007, and (2) Tamoshanter D. Cobb was the person served by the U.S. Marshal's Service. The possible existence of another MDOC employee actually named Tamara Cobbs was only relevant to the extent such a person might have been mistakenly served with summons and complaint in this action, instead of Tamoshanter D. Cobb.

**III. Discussion**

    A. <u>Plaintiff Cannot Collect the Default Judgment from the State Legal Expense Fund</u>

Plaintiff moves that the AG's Office and MDOC be required to pay out of the State Legal Expense Fund (the "Fund") the $1,000 default judgment he obtained against Tamara Cobbs in 2008. Plaintiff asserts that he is entitled to payment from Fund because the State of Missouri was required to defend Cobbs in this action, and must pay out of the Fund for judgments against state employee defendants who were sued for actions taken in the course of their duties, as was Cobbs.

The State Legal Expense Fund was created by statute and codified in Sections 105.711 to 105.726 of the Revised Statues of Missouri. The assets in the Fund

> are to be available for the payment of any claim, or any amount required by any final judgment against (1) the State, or any agency of the State (to the extent that the claim against the State is authorized pursuant to section 537.600, the sovereign immunity statute); and (2) against "any officer or employee of the State or any agency of the State," as provided and as limited in the statute.

<u>P.L.S. ex rel Shelton v. Koster</u>, 360 S.W.3d 805, 809 (Mo. App. 2011).

There are statutory prerequisites to payment of claims from the Fund. <u>Vasic v. State</u>, 943 S.W.2d 757, 758 (Mo. App. 1997). As relevant here, one of the Fund's authorizing statutes provides that the Fund cannot be used to pay for claims and judgment against otherwise eligible persons who do not cooperate with the Attorney General:

> **105.716**. **Attorney general to handle claims, exceptions—certain departments to reimburse fund—prior to settlement, payment of certain legal expenses authorized, when.**
>
> 1. Any investigation, defense, negotiation, or compromise of any claim covered by sections 105.711 to 105.726 shall be conducted by the attorney general; . . .
>
> 2. All persons and entities protected by the state legal expense fund shall cooperate with the attorneys conducting any investigation and preparing any defense under the provisions of sections 105.711 to 105.726 by assisting such attorneys in all respects, including the making of settlements, the securing and giving of evidence, and the

5

> attending and obtaining witness to attend hearings and trials. *Funds in the state legal expense fund shall not be used to pay claims and judgments against those persons and entities who do not cooperate as required by this subsection.*

105.716, Mo. Rev. Stat. (2000) (italics added).

Missouri courts have held that "[t]he failure of a defendant to tender defense to the Attorney General and to cooperate with the Attorney General in his defense prevents payment from the Fund." Sherf v. Koster, 371 S.W.3d 903, 908 (Mo. App. 2012) (citing Vasic, 943 S.W.2d at 760). "[T]he statute is clear that the Attorney General must be able to investigate and defend the claim. It specifically forbids payment of claims from the fund where a defendant does not cooperate with the Attorney General in their defense." Id. at 908-09 (citing § 105.716.2, Mo. Rev. Stat.).

Here, plaintiff has not offered any facts showing the elements necessary for payment from the Fund. See Vasic, 943 S.W.2d at 759 (claimant seeking payment from the Fund must plead facts showing conditions for payment are met). Tamoshanter D. Cobb, sued as Tamara Cobbs, never appeared or participated in this action. There are no facts to show that Cobb ever asked the AG's Office to represent her, or that she cooperated with the AG's Office in the investigation, defense, or settlement of plaintiff's claims against her. The Court finds that Cobb did not tender defense of the action to the Attorney General as required by the statute.

Any liability of the Fund is premised on the cooperation of the state employee. Vasic, 943 S.W.2d at 760; § 105.716.2, Mo. Rev. Stat. Cobb's failure to cooperate by tendering the defense of plaintiff's action to the Attorney General precludes any payment from the Fund. See id.; see also Sherf, 371 S.W.3d at 908-09 (police officer's failure to provide notice and cooperate with the Attorney General in his defense was fatal to the judgment creditor's claim that he was entitled to recover his judgment against the officer from the Fund). Plaintiff's motion for payment of his

6

$1,000 default judgment from the Fund, or from non-parties the AG's Office or MDOC, will therefore be denied.

Plaintiff's motion also asks for judgment against the AG's Office and MDOC in the amount of $20,000, representing "the costs [he] expended and a sum representing the effort value, frustrates [sic] he has to undergo for ten (10) years attempting to collect the default judgment" and for "deliberately deceiving/lying to the Court." (Doc. 356 at 3.) Plaintiff alleges that former MDOC Director Lombardi "committed outright perjury, which shows malicious intent, and intentional cover-up and institutional misconduct." (Id. at 4.) To the extent plaintiff seeks the $20,000 from the Fund, his motion is meritless and will be denied. The Court will also discuss plaintiff's similar allegations and request for relief as contained in the motion to re-open the complaint, *infra*.

B. Plaintiff's Motion to Re-Open Complaint

Plaintiff moves that he be allowed to reopen this case and amend his complaint to file a retaliation claim and retaliatory discipline and deliberate indifference claim against defendants Cobb and Tori Green,[5] and former MDOC Director George Lombardi. Plaintiff asserts that Lombardi "may have committed fraud and cover-up to mislead the Court" and requests the Court to sanction the MDOC and AG's Office $20,000 for "the 9 year frustration of Plaintiff's attempt to collect the $1,000 dollar default judgment." (Doc. 344 at 4). Plaintiff also asks to be awarded "an extra $5,000 for fraud and perjury, and Plaintiff's inability to bring assault charges, harassment charges against defendant Cobb," and to be reimbursed from the Fund for the filing fee of this action.

---

[5]On January 25, 2008, the Court granted defendant Tori Green's motion to dismiss, construed as a motion for summary judgment, for failure to exhaust administrative remedies. See Mem. and Order of Jan. 25, 2008, at 14-19, 29 (Doc. 168).

7

In his Reply memorandum, plaintiff asserts that documents he obtained in a separate lawsuit, Edwards v. Dwyer, No. 4:16-CV-1077 RLW (E.D. Mo.), support his request to reopen the case. Plaintiff contends that a document submitted with his Reply (labeled "Edwards 0692") establishes that George Lombardi "falsif[ied] the identity of Defendant Tamoshanter Nichols-Cobb," and with the help of "DAI, Inspector General, Missouri Attorney General's Office, Southeast Correctional Center's Investigator and MDOC hid crucial evidence as well as conspired to sabotage plaintiff's civil rights suit."  Reply at 2, ¶ 2.[6]

Plaintiff's Reply also asserts that Lombardi committed "fraud" based on Lombardi's submission of the Affidavit of January 31, 2012 "providing plaintiff with erroneous information regarding Tamara Cobb was intentional, deceptive, malicious and willful."  Reply at 7.  Plaintiff seeks sanctions against "the defendants"–presumably plaintiff intends to refer to non-parties the AG's Office and MDOC–"for their intentional, deceptive, and malicious conduct, in the amount of $20,000 in punitive damages, in failing to provide plaintiff with the proper name and credentials of Defendant Cobb initially, which caused Plaintiff unreasonable, undue delay in collecting his $1,000 dollars, as well as sabotaging his lawsuit against Defendants Green and Cobb."  Reply at 9-10.

Finally, plaintiff's Reply asserts that Tamoshanter Cobb destroyed his grievance appeal against defendant Tori Green in order to have his case dismissed.  Plaintiff's Affidavit states in pertinent part that another MDOC inmate, Terrance Sharon, who has a child with Tamoshanter Cobb, told plaintiff that Cobb said she took plaintiff's grievance appeal from his ad-seg room, gave it to Green, and the two of them read and then destroyed it. (Doc. 357 at 1-2.)  Plaintiff describes Sharon's statement as newly discovered evidence that would permit the reopening of this case.

---

[6]Plaintiff's handwriting is very difficult to read and some parts of his Reply memorandum are illegible.

Among other things, plaintiff's Reply asks the Court to "launch a full-scale investigation of the MDOC cover-up regarding his complaint, seek the release of the file for the investigation conducted beginning March 2005 where plaintiff was 'forced into a sexual relationship with former CO Tori Green [in] the name of justice." Reply at 2.

Plaintiff's motion to amend his complaint to file additional claims against Cobb and Tori Green will be denied. On January 25, 2008, the Court granted defendant Green's motion to dismiss, construed as a motion for summary judgment, for failure to exhaust administrative remedies. See Mem. and Order of Jan. 25, 2008, at 14-19, 29 (Doc. 168). A default judgment was entered in plaintiff's favor and against named defendant Tamara Cobbs on October 20, 2008, in the amount of $500 in actual damages and $500 in punitive damages. Plaintiff appealed the Court's grant of summary judgment to defendant Green on the basis of failure to exhaust administrative remedies, but the Eighth Circuit agreed "that the record showed Edwards had not administratively exhausted his claims against Green . . . , and thus that dismissal was required." Edwards v. Dwyer, No. 08-3839 (8th Cir. Mar. 1, 2010) (unpublished per curiam) (affirming the dismissal, but modifying it to be without prejudice). Former MDOC Director George Lombardi was never a defendant in this action.

This case was closed and final judgment was entered in October 2008 when the Court entered default judgment in plaintiff's favor against Cobbs, having previously dismissed plaintiff's claims against the other defendants. "Once a final judgment has been entered, the district court lacks power to rule on a motion to amend unless the party seeking leave first obtains relief under Rule 59(e) or 60." 3 James Wm. Moore, et al., Moore's Federal Practice § 15.13[2] (3d ed. 2016); see United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 742-43 (8th Cir. 2014). Generally, it is inappropriate to grant leave to amend a complaint under Rule 16(b), Fed. R. Civ. P., where a district

9

court has dismissed an entire action. See Geier v. Missouri Ethics Comm'n, 715 F.3d 674, 677 (8th Cir. 2013); Dorn v. State Bank of Stella, 767 F.2d 442, 443 (8th Cir. 1985) (per curiam). While a post-dismissal motion may be granted if timely requested, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." U.S. ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 823 (8th Cir. 2009). A plaintiff may seek to vacate a judgment under Rule 59(e) or Rule 60(b) and offer an amended complaint in place of the dismissed complaint, Quartana v. Utterback, 789 F.2d 1297, 1300 (8th Cir. 1986), but post-judgment motions for leave to amend are disfavored. Mask of Ka-Nefer-Nefer, 752 F.3d at 743. Leave to amend can only be granted if it is consistent with the stringent standards governing the grant of Rule 60(b) relief. Id. (citing cases).

Although plaintiff has filed a motion to reopen or to amend his complaint, such relief is not possible unless he first obtains relief by vacating the judgment under Rule 59(e) or Rule 60(b).[7] Id. Plaintiff cannot file a Rule 59(e) motion to alter or amend the judgment because such motions must be filed within 28 days after entry of the judgment. Rule 59(e), Fed. R. Civ. P. The Court in the exercise of its discretion will liberally construe plaintiff's motion as a Rule 60(b) motion for relief from judgment.

Federal Rule of Civil Procedure 60(b) relieves a party from a final judgment or order on one of six specified grounds: Mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly discovered evidence that with reasonable diligence could not have been discovered in time for a Rule 59(b) motion, Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation or misconduct

---

[7]As a result, if plaintiff's motion to amend were to be granted, the default judgment he has against Tamara Cobbs would be vacated. See United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 742-43 (8th Cir. 2014). Plaintiff cannot keep the default judgment and also amend his complaint.

10

by an opposing party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, Fed. R. Civ. P. 60(b)(5); and any other reason that justifies relief, Fed. R. Civ. P. 60(b)(6). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984). "Rule 60(b) authorizes relief in only the most exceptional of cases." Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005).

Plaintiff's motion alleges that newly discovered evidence warrants the reopening of his case to assert claims against Cobb and Green. Specifically, plaintiff's Affidavit describes hearsay statements by inmate Terrance Sharon that Cobb and Green took and destroyed plaintiff's grievance appeal document, which led to the dismissal of plaintiff's claims against Green for failure to exhaust administrative remedies. This allegation invokes Rule 60(b)(2), newly discovered evidence. Even if the Court could consider the hearsay statements contained in plaintiff's Affidavit, his motion is untimely. Motions under Rule 60(b) are to be made "within a reasonable time,"and those under subdivisions (1) through (3) must be made "no more than a year after entry of the judgment or order or the date of the proceeding." Rule 60(c)(1), Fed. R. Civ. P. Plaintiff's motion was filed almost nine years after entry of the final judgment and therefore will be denied.[8]

Plaintiff's motion will also be denied as to non-party former MDOC Director George Lombardi. Plaintiff cannot seek to vacate the judgment under Rule 60(b)(3) on the basis of fraud

---

[8]Plaintiff could not avoid the time limitation of Rule 60(c)(1) by labeling his motion as one under Rule 60(b)(6), which must be filed within "a reasonable time." A motion for relief under Rule 60(b)(6) cannot be premised on a ground for relief enumerated in subdivision (b)(2), as these clauses are mutually exclusive. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 & n.11 (1988); see also Middleton v. McDonald, 388 F.3d 614, 616-17 (8th Cir. 2004). The Court therefore does not construe his motion as being brought under Rule 60(b)(6).

11

with respect to Mr. Lombardi, as Lombardi was never a party to this action. Plaintiff has not shown that the judgment can otherwise be vacated, as discussed above. Moreover, even if there were a basis to vacate the judgment, plaintiff could not amend his complaint and bring claims against Mr. Lombardi in this action, because an amended complaint must relate back to the original complaint to avoid the statute of limitations bar.[9] Plaintiff's allegations against Mr. Lombardi, concerning alleged fraud with respect to an affidavit filed with the Court in January 2012, do not arise out of the conduct, transactions, or occurrences set forth in plaintiff's Amended Complaint. See Rule 15(c)(3), Fed. R. Civ. P.

Plaintiff's motion for monetary sanctions or damages of $20,000 against Lombardi, the MDOC and AG's Office for the alleged frustration of plaintiff's attempt to collect the default judgment against Cobbs, and for "an extra $5,000 for fraud and perjury, and Plaintiff's inability to bring assault charges, harassment charges against defendant Cobb" will also be denied. To the extent plaintiff seeks damages, he cannot obtain damages from persons and entities that are not parties to this case. Plaintiff cannot amend his complaint to assert claims against these non-parties because, as discussed above, he has not shown a basis to vacate the judgment in this case; further, plaintiff could not amend his complaint to assert such claims in this action because they do not arise out of the conduct, transactions, or occurrences set forth in plaintiff's Amended Complaint.

To the extent plaintiff seeks the imposition of sanctions, he has not indicated any procedural basis of a claim for sanctions against the non-parties. More importantly, the Court finds plaintiff

---

[9]Claims under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state where the claim arose. Bridgeman v. Nebraska State Penitentiary, 849 F.2d 1076, 1077 (8th Cir. 1988) (per curiam). The Missouri five-year personal injury statute of limitations, Mo. Rev. Stat. § 516.120(4) (2000), applies to § 1983 actions. See Garrett v. Clarke, 147 F.3d 745, 746 (8th Cir. 1998).

has not established that any of the non-parties did anything that interfered with plaintiff's efforts to prosecute his case or collect the judgment. The Court interprets plaintiff's motion as being primarily based on the failure to pay his default judgment against Tamara Cobbs from the State Legal Expense Fund. As discussed above in part A., plaintiff cannot collect his judgment–or obtain return of the filing fee–from the Fund. To the extent plaintiff seeks sanctions based on the Lombardi Affidavit's statements in 2012 about a possible MDOC employee named Tamara Cobbs–who, as the Court has repeatedly observed, is the person plaintiff named as a defendant in this action, obtained a judgment against, and requested post-judgment discovery concerning[10]–the motion is meritless.

In 2012, plaintiff sought sanctions of $5,000 against the MDOC's counsel based on these same issues concerning post-judgment discovery related to collection of his judgment, see Plaintiff's Motion to Compel (Doc. 330), and the Court denied it as entirely meritless:

> Plaintiff's motion for sanctions is without merit, because it does not explain why the [M]DOC's counsel should be sanctioned $5,000 for the [M]DOC's conduct in responding to plaintiff's subpoena. It must be emphasized that plaintiff has a judgment against and requested documents related to a "Tamara Cobbs," which is apparently not the name of the former [M]DOC employee who worked at Southeast Corrections Center. Also, the amount of the monetary sanction sought is unrelated to and out of proportion to the claimed misconduct. The motion borders on the frivolous and malicious and, frankly, wastes the Court's and counsel's time.
>
> Further, even if the motion had merit, which it does not, it is moot because the [M]DOC has located documents relating to Tamoshanter D. Cobb in response to plaintiff's subpoena request for documents related to "Tamara Cobbs," and has produced them in part.

Mem. and Order of Mar. 30, 2012 at 1-2 (Doc. 336). Plaintiff's current motion for sanctions is entirely meritless as well.

---

[10]See, e.g., Memorandum and Order of March 30, 2012, at 2-3 & n.1 (Doc. 336).

Although issues concerning the identity of misnamed defendant Tamara Cobbs/Tamoshanter D. Cobb caused confusion on the undersigned's part–as has been discussed at length above and in prior orders in this case–plaintiff has not established how this was the non-parties' fault, how it kept him from attempting to collect his judgment, or how it was sanctionable activity. Further, contrary to plaintiff's assertion, the AG's Office and MDOC had no duty to inform him that he sued Tamoshanter D. Cobb by the wrong name.

Finally, plaintiff's request that the Court "launch a full scale investigation of the MDOC cover-up regarding his complaint" and permit him to join parties and raise new claims in this case will be denied. Plaintiff's allegations are entirely outside the scope of the pleadings in this closed case, as they do not assert claims that arise out of the same transaction or occurrence or present common questions of law or fact with the factual allegations of the Amended Complaint.

Plaintiff's motion for damages or sanctions will be denied in all respects.

## IV.  Conclusion

For the foregoing reasons, "Plaintiff's Request for Court Order That Missouri Attorney General's Office & Department of Corrections Be Required to Pay Him From Their Legal Expense Fund," filed May 10, 2017 (Doc. 356), and "Memorandum in Support For Accurate Information, Identification of Tamoshanter Nicols-Cobb a.k.a. Tamara Cobbs & Motion For Reopening of Complaint" will be denied in all respects.

Plaintiff is reminded that he cannot use this Court's post-judgment procedures or the services of the United States Marshal's Service in the Eastern District of Missouri to attempt to collect his default judgment in any State other than Missouri. If the judgment debtor lives in or has assets in any other State, plaintiff must attempt to collect the judgment there. See Mem. and Order of May 21, 2012 (Doc. 338).

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiff's Request for Court Order That Missouri Attorney General's Office & Department of Corrections Be Required to Pay Him From Their Legal Expense Fund" is **DENIED** in all respects. [Doc. 356]

**IT IS FURTHER ORDERED** that plaintiff's "Memorandum in Support For Accurate Information, Identification of Tamoshanter Nicols-Cobb a.k.a. Tamara Cobbs & Motion For Reopening of Complaint" is **DENIED** in all respects. [Doc. 344]

                                                                        _____
                                                                        **CHARLES A. SHAW**
                                                                        **UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of August, 2017.